IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** <br><br> **ARMSTRONG FLOORING, INC.,** <br><br> **Debtor**. | Chapter 11 <br><br> Case No. 22-10426 (___) <br><br> Fed. Tax Id. No. 47-4303305 |
| **In re:** <br><br> **AFI LICENSING LLC,** <br><br> **Debtor**. | Chapter 11 <br><br> Case No. 22-10427 (___) <br><br> Fed. Tax Id. No. 36-4833265 |
| **In re:** <br><br> **ARMSTRONG FLOORING LATIN AMERICA, INC.,** <br><br> **Debtor**. | Chapter 11 <br><br> Case No. 22-10428 (___) <br><br> Fed. Tax Id. No. 35-2552943 |
| **In re:** <br><br> **ARMSTRONG FLOORING CANADA LTD.,** <br><br> **Debtor**. | Chapter 11 <br><br> Case No. 22-10429 (___) |

**MOTION OF DEBTORS FOR ENTRY OF ORDER
(I) DIRECTING JOINT ADMINISTRATION OF CASES AND
(II) WAIVING REQUIREMENTS OF BANKRUPTCY CODE
<u>SECTION 342(c)(1) AND BANKRUPTCY RULES 1005 AND 2002(n)</u>**

Armstrong Flooring, Inc. and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**" or "**Armstrong**,"), hereby move (this "**Motion**") this Court for entry of interim and final orders, substantially in the forms

attached hereto as **Exhibit A** and **Exhibit B** (the "**Interim Order**" and the "**Final Order**," respectively), granting the relief described below. In support of this Motion, the Debtors rely upon and incorporate by reference the contemporaneously filed *Declaration of Michel S. Vermette in Support of Chapter 11 Petitions and First-Day Papers* (the "**First-Day Declaration**"),[1] and further represent as follows:

## RELIEF REQUESTED

1. The Debtors respectfully request entry of an Order (a) directing the joint administration of the Chapter 11 Cases (as defined below) for procedural purposes only and (b) waiving the requirement that the caption in the Chapter 11 Cases and certain notices list the Debtors' tax identification numbers.

2. In furtherance of the foregoing, the Debtors request that the official caption to be used by all parties in all papers in the joint administered cases be as follows:

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First-Day Declaration.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **ARMSTRONG FLOORING, INC.,** *et al.*, | **Case No. 22-10426 (\_\_\_)** |
| Debtors.[1] | **(Jointly Administered)** |

3. In addition, the Debtors request that the Court make a docket entry in each of the Chapter 11 Cases (except that of Armstrong Flooring, Inc.) substantially as follows:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration for procedural purposes only of the chapter 11 cases of: Armstrong Flooring, Inc., Case No. 22-10426 (\_\_\_); AFI Licensing LLC, Case No. 22-10427 (\_\_\_); Armstrong Flooring Latin America, Inc., Case No. 22-10428 (\_\_\_); and Armstrong Flooring Canada Ltd., Case No. 22-10429 (\_\_\_).  The docket for Armstrong Flooring, Inc., Case. No. 22-10426 (\_\_\_), should be consulted for all matters affecting these cases.

### JURISDICTION AND VENUE

4. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b).

5. Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

6. The legal predicates for the relief requested herein are section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 1005, 1015(b), and 2002(n) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Bankruptcy Rules**").

7. Pursuant to Local Bankruptcy Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## BACKGROUND

8. On the date hereof (the "**Petition Date**") each Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). The Debtors are hereby requesting that the Chapter 11 Cases be jointly administered.

9. The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

10. To date, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") has not appointed a creditors' committee in the Chapter 11 Cases, nor has any trustee or examiner been appointed therein.

11. Armstrong (together with its non-Debtor affiliates, the "**Company**") is a leading global producer of resilient flooring products used primarily in the construction and renovation of commercial, residential, and institutional buildings. The Company designs, manufactures, sources, and sells flooring products primarily in North America and the Pacific Rim. The Company's business operations, corporate and capital structure, and restructuring efforts are described in greater detail in the First-Day Declaration.

## BASIS FOR RELIEF REQUESTED AND APPLICABLE AUTHORITY

12. If two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order the joint administration of the estates of the debtor and such affiliates. Fed. R. Bankr. P. 1015(b). The four Debtors are "affiliates" of each other as that term is defined in Bankruptcy Code section 101(2) and as used in Bankruptcy Rule 1015(b). Thus,

joint administration of the Debtors' Chapter 11 Cases is appropriate under Bankruptcy Rule 1015(b).

13. The joint administration of the Chapter 11 Cases will promote efficiency by permitting the Clerk of the Court to use a single, general docket for the cases and to combine notice to creditors and other parties-in-interest of the Debtors' respective estates. The Debtors anticipate that almost all of the papers, hearings, and orders in the Chapter 11 Cases will relate to all of the Debtors. Moreover, the use of the simplified caption set forth above will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

14. The Debtors submit that use of the proposed simplified caption will provide sufficient information to parties in interest and ensure a uniformity of pleading identification. Further, all pleadings filed and each notice mailed by the Debtors will include a footnote listing all of the Debtors, the last four digits of their tax identification numbers, and the address of their corporate headquarters.

15. The rights of the respective creditors and stakeholders of each of the Debtors will not be adversely affected by joint administration of these cases because the relief sought is purely procedural and will not affect parties' substantive rights.

16. This and other courts have granted similar relief in other cases. *See, e.g.*, *In re the Hertz Corp.*, No. 20-11218 (MFW) (Bankr. D. Del. May 27, 2020); *In re Quorum Health Corp.*, No. 20-10766 (KBO) (Bankr. D. Del. Apr. 8, 2020); *In re Melinta Therapeutics, Inc.*, No. 19-12748 (LSS) (Bankr. D. Del. Dec. 30, 2019); *In re Imerys Talc Am., Inc.*, No. 19-10289 (LSS) (Bankr. D. Del. Feb. 14, 2019); *In re Maremont Corp.*, No. 19-10118 (KJC) (Bankr. D. Del. Jan. 23, 2019); *In re Claire's Inc.*, No. 18-10583 (MFW) (Bankr. D. Del. Mar. 20, 2018); *In re Aerogroup Int'l, Inc.*, No. 17-11962 (KJC) (Bankr. D. Del. Sept. 18, 2017); *In re True Religion*

*Apparel, Inc.*, No. 17-11460 (CSS) (Bankr. D. Del. July 6, 2017); *In re TK Holdings Inc.*, No. 17-11375 (BLS) (Bankr. D. Del. June 27, 2017).[1]

## RESERVATION OF RIGHTS

17. Nothing in this Motion should be construed as (a) authority to assume or reject any executory contract or unexpired lease of real property, or as a request for the same; (b) an admission as to the validity, priority, or character of any claim or other asserted right or obligation, or a waiver or other limitation on the Debtors' ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law; (c) a promise to pay any claim or other obligation; (d) granting third party beneficiary status or bestowing any additional rights on any third party; or (e) being otherwise enforceable by any third party.

## NOTICE

18. Notice of this Motion will be given to: (a) the U.S. Trustee, (b) counsel to the prepetition Lenders, (c) the parties included on the Debtors' consolidated list of their 30 largest unsecured creditors, (d) the Internal Revenue Service, (e) the Securities and Exchange Commission, (f) the Office of the United States Attorney for the District of Delaware, (g) any party that has requested notice pursuant to Bankruptcy Rule 2002, and (h) all parties entitled to notice pursuant to Local Bankruptcy Rules 2002-1(b) and 9013-1(m).  The Debtors submit that no other or further notice is required.

## NO PRIOR REQUEST

19. No previous request for the relief sought herein has been made to this Court or any other court.

---

[1] Because of the voluminous nature of the orders cited herein, they are not attached to this Motion, but are available upon request.

**CONCLUSION**

The Debtors respectfully request that this Court enter the Order, each substantially in the form annexed hereto, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
       May 9, 2022

    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

    */s/ Joseph O. Larkin*
    Joseph O. Larkin (I.D. No. 4883)
    Carl T. Tullson (I.D. No. 6704)
    Jacqueline M. Dakin (I.D. No. 6650)
    One Rodney Square
    920 N. King Street
    Wilmington, Delaware 19801
    Telephone: (302) 651-3000
    Joseph.Larkin@skadden.com
    Carl.Tullson@skadden.com
    Jacqueline.Dakin@skadden.com

    - and -

    Ron E. Meisler (*pro hac vice* admission pending)
    Jennifer Madden (*pro hac vice* admission pending)
    155 North Wacker Drive
    Chicago, Illinois 60606-1720
    Telephone: (312) 407-0700
    Ron.Meisler@skadden.com
    Jennifer.Madden@skadden.com

    - and –

    CHIPMAN BROWN CICERO & COLE, LLP
    Robert A. Weber (I.D. No. 4083)
    Aidan T. Hamilton (I.D. No. 6729)
    Hercules Plaza
    1313 North Market Street, Suite 5400
    Wilmington, Delaware 19801
    Telephone: (302) 295-0191
    Weber@chipmanbrown.com
    Hamilton@chipmanbrown.com

    *Proposed Counsel to Debtors and Debtors-in-Possession*

**EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re:** <br><br> **ARMSTRONG FLOORING, INC.,** <br><br> **Debtor**. | **Chapter 11** <br><br> **Case No. 22-10426 (\_\_\_)** <br><br> **Fed. Tax Id. No. 47-4303305** |
| **In re:** <br><br> **AFI LICENSING LLC,** <br><br> **Debtor**. | **Chapter 11** <br><br> **Case No. 22-10427 (\_\_\_)** <br><br> **Fed. Tax Id. No. 36-4833265** |
| **In re:** <br><br> **ARMSTRONG FLOORING LATIN AMERICA, INC.,** <br><br> **Debtor**. | **Chapter 11** <br><br> **Case No. 22-10428 (\_\_\_)** <br><br> **Fed. Tax Id. No. 35-2552943** |
| **In re:** <br><br> **ARMSTRONG FLOORING CANADA LTD.,** <br><br> **Debtors**. | **Chapter 11** <br><br> **Case No. 22-10429 (\_\_\_)** |

**ORDER (I) DIRECTING JOINT ADMINISTRATION OF**
**CASES AND (II) WAIVING REQUIREMENTS OF**
**BANKRUPTCY CODE SECTION 342(c)(1) AND**
<u>**BANKRUPTCY RULES 1005 AND 2002(n)**</u>

Upon the motion (the "**Motion**")[2] of the Debtors for an order (this "**Order**") (i) directing joint administration of these cases and administratively consolidating the respective Chapter 11 Cases of each Debtor for procedural purposes only and (ii) waiving the requirement that the captions in the Chapter 11 Cases list the Debtors' tax identification numbers and certain other information; and upon consideration of the First-Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby;

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is GRANTED on a final basis as set forth herein.

2. Each of the above-captioned Chapter 11 Cases of the Debtors be, and hereby is, jointly administered by the Court for procedural purposes only.  Nothing contained in this Order shall be deemed or construed as directing or otherwise effecting any substantive consolidation of any of the Chapter 11 Cases.

3. The caption of the jointly administered cases shall read as follows:

---

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **ARMSTRONG FLOORING, INC.**, *et al.*, | **Case No. 22-10426 (___)** |
| Debtors.[1] | **(Jointly Administered)** |

      4.      Each motion, application, and notice shall be captioned as indicated in the preceding decretal paragraph and all original docket entries shall be made in the case of Armstrong Flooring, Inc., Case No. 22-10426 (___).

      5.      A docket entry shall be made in each of the Chapter 11 Cases (except that of Armstrong Flooring, Inc.) substantially as follows:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration for procedural purposes only of the chapter 11 cases of: Armstrong Flooring, Inc., Case No. 22-10426 (___); AFI Licensing LLC, Case No. 22-10427 (___); Armstrong Flooring Latin America, Inc., Case No. 22-10428 (___); and Armstrong Flooring Canada Ltd., Case No. 22-10429 (___). The docket for Armstrong Flooring, Inc., Case. No. 22-10426 (___), should be consulted for all matters affecting these cases.

      6.      One consolidated docket, one file, and one consolidated service list shall be maintained by the Debtors and kept by the Clerk of the Court with the assistance of the notice and claims agent retained by the Debtors in these Chapter 11 Cases.

      7.      The requirements under Bankruptcy Code section 342(c)(1) and Bankruptcy Rule 2002(n) that the case caption and other notices mailed in the Chapter 11 Cases include the Debtors' tax identification numbers and other identifying information about the Debtors are hereby waived. The Debtors shall include in all papers filed and each notice mailed by the

9

Debtors a footnote listing all of the Debtors, the last four digits of their respective tax identification numbers, and the address of their corporate headquarters.

8. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

9. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

10. This Order shall apply to any future filing of any affiliate of the Debtors, provided however, the Debtors shall file notice with the Court identifying the cases of such affiliates and stating that this Order shall apply to such cases.