## WIN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | Chapter 11 |
| **ARMSTRONG FLOORING, INC.,** *et al.*, | Case No. 22-10426 (MFW) |
| Debtors.[1] | (Jointly Administered) |
| | Related Docket No. 194 |

**DECLARATION OF CHRISTOPHER S. PARISI IN SUPPORT OF APPLICATION OF DEBTORS FOR ENTRY OF ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BORDEN LADNER GERVAIS LLP AS SPECIAL COUNSEL TO DEBTORS, EFFECTIVE AS OF THE PETITION DATE**

I, Christopher Parisi, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true to the best of my knowledge, information, and belief:

1. I am Senior Vice President, General Counsel, and Secretary of Armstrong Flooring, Inc. and its debtor affiliates (collectively, the "**Debtors**," the "**Company**," or "**Armstrong**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). I have held my current position at Armstrong since 2016. Prior to joining Armstrong, I served first as Vice President, Corporate Governance and later as Vice President, Associate General Counsel and Secretary at Armstrong World Industries. I earned a bachelor's degree from LaSalle University and a J.D. from Widener University Delaware Law School.

2. I submit this declaration (this "**Declaration**") in support of the *Application of Debtors for Entry of Order Authorizing the Retention and Employment of Borden Ladner Gervais*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: Armstrong Flooring, Inc. (3305); AFI Licensing LLC (3265); Armstrong Flooring Latin America, Inc. (2943); and Armstrong Flooring Canada Ltd. (N/A). The address of the Debtors' corporate headquarters is PO Box 10068, 1770 Hempstead Road, Lancaster, PA 17065.

00029207.1

*LLP as Special Counsel to Debtors, Effective as of the Petition Date* (the "**Application**")[2]. Except as otherwise noted, all facts in this Declaration are based on my personal knowledge of the matters set forth herein, information gathered from my review of relevant documents, and information supplied to me by other members of the Debtors' management and the Debtors' advisors.

## THE DEBTORS' SELECTION OF BLG

3. Borden Ladner Gervais LLP ("**BLG**" or the "**Firm**") is proposed to serve as special counsel to the Debtors. Debtors seek to retain and employ BLG as the Debtors' special Canadian counsel, effective as of the Petition Date, to advise the Debtors during the Chapter 11 Cases in matters pertaining to Canadian law and regulations as they affect the Debtors' operations and restructuring, including but not limited to the potential filing of an ancillary proceeding under Part IV of the Companies' Creditors Arrangement Act (Canada) in Toronto, Ontario, Canada, before the Ontario Superior Court of Justice (Commercial List) (the "**Ancillary Proceeding**").

4. The retention of BLG as special Canadian counsel is necessary in connection with the Ancillary Proceeding and will allow the Debtors to operate more effectively given BLG's specialized knowledge of Canadian law and regulations that affect the Debtors' businesses.

5. A copy of the engagement letter dated April 8, 2022 (the "**Engagement Agreement**") is attached as **Exhibit C** to the Application.

## RATE STRUCTURE

6. In my capacity as Senior Vice President, General Counsel, Secretary, and Chief Compliance Officer, my responsibilities extend to the supervision of counsel through the monitoring of costs, including legal costs, and I participate in monitoring and controlling costs of the business, including legal costs. BLG has provided and will be providing professional services

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

to the Debtors under its standard rate structure.  BLG has informed the Debtors that its rates under its standard rate structure are consistent among bankruptcy representations undertaken under the standard rate structure, including related transactional and litigation services.  BLG has further informed the Debtors that its rates and terms under its standard rate structure for non-bankruptcy engagements are the same as the rates and the terms for the Debtors' engagement of BLG.  Based on my review of the invoices regularly submitted by BLG, I can confirm that the rates that BLG charged the Debtors in the prepetition period are the same as the rates that BLG will charge the Debtors in the postpetition period, based on the terms of the Engagement Agreement, subject to periodic rate increases, as described in the Application.  BLG has informed the Debtors that the Firm's standard hourly rates are subject to periodic adjustment in accordance with the Firm's practice.

## COST SUPERVISION

7.     The Debtors and BLG expect to develop a prospective budget and staffing plan, to comply with the U.S. Trustee's requests for information and additional disclosures and with any orders of the Court, recognizing that in the course of the Chapter 11 Cases, there may be unforeseeable fees and expenses that will need to be addressed by the Debtors and BLG.  The Debtors recognize that it is their responsibility to monitor closely the billing practices of their counsel to ensure that the fees and expenses paid by the estate remain consistent with the Debtors' expectations and the exigencies of the Chapter 11 Cases.  The Debtors will continue to review the invoices that BLG regularly submits, and, together with BLG, periodically amend the budget and staffing plan as these Chapter 11 Cases develop.

8.     As they did prepetition, the Debtors will endeavor to bring discipline, predictability, client involvement, and accountability to the fees and expenses reimbursement process.  While I

understand that every chapter 11 case is unique, the budget to be prepared in accordance with the U.S. Trustee's fee guidelines will, I believe, provide guidance on the periods of time involved, the level of attorneys and professionals who will work on various matters, and projections of average hourly rates for the attorneys and professionals for various matters.

*[Remainder of Page Intentionally Left Blank]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: Wilmington, Delaware
       May 20, 2022

By:   */s/ Christopher S. Parisi*
Name: Christopher S. Parisi
Title: SVP, General Counsel, and Secretary
       Armstrong Flooring, Inc.

00029207.1