IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ARMSTRONG FLOORING, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-10426 (MFW)<br><br>(Jointly Administered)<br><br><br>**Related Docket No. 650** |

**ORDER (I) APPROVING PROCEDURES FOR THE SALE OF DE MINIMIS ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (II) APPROVING THE SALE OF DE MINIMIS ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES IN ACCORDANCE WITH SUCH PROCEDURES, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors for authorization (i) to establish the Sale Procedures pursuant to sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rule 6004, and Local Rule 6004-1, and (ii) to sell the Assets free and clear of Encumbrances; and the Court having jurisdiction to consider the matters raised in the Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having authority to hear the matters raised in the Motion pursuant to 28 U.S.C. § 157; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of the Motion and the requested relief being a core proceeding that the Court can determine pursuant to 28 U.S.C. § 157(b)(2); and due

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: Armstrong Flooring, Inc. (3305); AFI Licensing LLC (3265); Armstrong Flooring Latin America, Inc. (2943); and Armstrong Flooring Canada Ltd. (N/A). The address of the Debtors' corporate headquarters is PO Box 10068, 1770 Hempstead Road, Lancaster, PA 17065.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Motion.

00032343.6

and proper notice of the Motion having been given under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested therein; and the Court having found that the relief requested in the Motion being in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The relief requested in the Motion is granted, as set forth herein.

2. The Sale Procedures are hereby approved and may be implemented by the Debtors in the Chapter 11 Cases.

3. Local Rule 6004-1 is hereby waived with respect to any sale of the Assets undertaken pursuant to the Sale Procedures.

4. The following Sale Procedures shall apply:

    a. For any asset sale(s) to a single Purchaser or group of related Purchasers with an aggregate selling price less than $25,000, the Debtors are authorized to sell the Assets; provided, however, that the Debtors shall provide no less than three (3) business days' prior written notice (including by electronic mail to counsel) of any such asset sale(s) to AHF, LLC ("AHF"), the DIP Revolver Administrative Agent, and the DIP Term Administrative Agent (as each such term is defined (including by further reference) in the *Supplemental Order to Final Financing Order pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503 and 507 (i) Authorizing the Debtors to Obtain Senior Secured Superpriority Postpetition Financing; (ii) Granting (a) Liens and Superpriority Administrative Expense Claims and (b) Adequate Protection to certain Prepetition Lenders; (iii) Authorizing Use of Cash Collateral; (iv) Modifying the Automatic Stay; (v) Scheduling a Final Hearing; and (vi) Granting related Relief* (the "Supplemental Financing Order"; DN 581)); provided, further, that, to the extent that the DIP Revolver Administrative Agent or the DIP Term Administrative Agent raises an objection to any such asset sale(s), absent agreement of the parties, the Court will adjudicate such objection before the Debtors are authorized hereby to consummate such asset sale(s).

    b. For any asset sale with a purchase price greater than or equal $25,000 but less than or equal to $250,000:

        i. The Debtors shall file on the docket in these Cases a Sale Notice that will be served on the Notice Parties. Such notice shall contain: (i) a general description of the Assets subject to the sale; (ii) the proposed Purchaser of the Assets; (iii) any commissions to be paid to third parties used to sell or auction the Assets; (iv) a summary of the material terms of the sale; and (v) instructions consistent with the terms described herein regarding the procedures to assert objections to the proposed sale.

        ii. If none of the Notice Parties file or serve upon counsel to the Debtors a written objection (including by email) within three (3) business days of service of such Sale Notice, then the Debtors may immediately consummate the transaction. If an objection is filed or served within such period that cannot be resolved, such assets shall not be sold except upon further order of this Court after notice and a hearing.

    c. For any future asset sale(s), excluding the sale of Remaining Inventory, to a single Purchaser or group of related Purchasers with an aggregate selling price greater than $250,000, the Debtors shall file a separate motion seeking approval from the Court with respect to such sale(s).

    d. Notwithstanding anything herein to the contrary, the Debtors shall be required to obtain the prior written consent of the DIP Term Administrative Agent (and, to the extent that the DIP Term Loan Obligations and the Prepetition Term Loan Obligations have been paid in full, the prior written consent of the DIP Revolver Administrative Agent) to any asset sale(s) involving the Miscellaneous NA Assets (as such term is defined in the Supplemental Financing Order).

5. If no objections are timely and properly filed and served by a Notice Party by the objection deadline or if the applicable Notice Parties have consented, the Debtors are authorized to submit a proposed form of order approving one or more proposed sales, as applicable, under certification of counsel (the "Proposed Order"). A proposed sale will be deemed final and fully authorized by the Court upon the entry of the Proposed Order without further notice or a hearing, and the Debtors shall be authorized to consummate such sale or sales in accordance with the terms and conditions of the underlying contract or contracts and take such other actions as are necessary

to close the transaction and collect the proceeds of such sale as provided in this Order (including, without limitation, the payment of any applicable commissions or costs, and the assumption, assumption and assignment, or rejection of any executory contracts and unexpired leases). In the event a proposed sale transaction may expire prior to entry of a Proposed Order or is otherwise time-sensitive, the Debtors are authorized to close such proposed sale prior to entry of a Proposed Order with the consent of the DIP Revolver Administrative Agent, and the DIP Term Administrative Agent, provided that the terms of such sale are expressly subject to entry of the Proposed Order.

6. The transfer to the Purchaser of the Debtors' rights, title, and interest in the Assets shall be, and hereby is deemed to be, a legal, valid, and effective transfer of the Debtors' rights, title, and interest in the Assets, and vests with or will vest in the Purchaser all rights, title, and interest of the Debtors in the Assets, free and clear of all Encumbrances of any kind or nature whatsoever to the fullest extent permitted by section 363(f) of the Bankruptcy Code, with any such Encumbrances attaching to the net available proceeds with the same validity, extent, and priority as immediately prior to the sale of the Assets, subject to this Order, and any rights, claims, and defenses of the Debtors and other parties-in-interest.

7. The Sale Procedures satisfy section 363(f) of the Bankruptcy Code and the Assets sold pursuant to the Sale Procedures shall be free and clear of all Encumbrances.

8. Any holder of any Encumbrance on any Assets to be sold to a single Purchaser or group of related Purchasers, with a sale price greater than or equal to $25,000 and less than or equal to $250,0000, will receive a Sale Notice, in the form attached hereto as **Exhibit 1**, and will have an opportunity to object to any sale in which they claim an interest. If a holder of any Encumbrance receives the Sale Notice and does not object within the prescribed time period, then

such holder will be deemed to have consented to the proposed sale or other disposition or settlement with respect to the Asset and the Asset may then be sold free and clear of the holder's interests pursuant to section 363(f) of the Bankruptcy Code or otherwise settled or compromised.

9. Subject to Permitted Liens (as such term is defined in the Supplemental Financing Order), upon the consummation of any transaction for the sale of Assets approved herein, following prior written notice (including by electronic mail to counsel) to the DIP Revolver Administrative Agent and the DIP Term Administrative Agent and to effect the first sentence of Section 1.7 of the *Final Financing Order pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503 and 507 (i) Authorizing the Debtors to Obtain Senior Secured Superpriority Postpetition Financing; (ii) Granting (a) Liens and Superpriority Administrative Expense Claims and (b) Adequate Protection to certain Prepetition Lenders; (iii) Authorizing Use of Cash Collateral; (iv) Modifying the Automatic Stay; (v) Scheduling a Final Hearing; and (vi) Granting related Relief* (the "<u>Final Financing Order</u>"; DN 311)), the Debtors shall remit all proceeds of such sale (net of agreed-to costs, expenses and portions to be contributed to the Debtors) to either the DIP Revolver Administrative Agent or the DIP Term Administrative Agent for application to the Debtors' outstanding obligations under the DIP Facilities and the DIP Loan Agreements and/or under the Prepetition Loan Documents (as each of such three terms is defined in the Final Financing Order). Each of the DIP Revolver Administrative Agent and the DIP Term Administrative Agent reserves any and all rights under the Prepetition Intercreditor Agreement (as such term is defined in the Final Financing Order) as to any and all such remittances of proceeds. To the extent there is a dispute between the DIP Revolver Administrative Agent and the DIP Term Administrative Agent with respect to the allocation of such proceeds of the sale of Assets approved herein, all such proceeds shall be held in escrow with an escrow agent acceptable to the DIP

Revolver Administrative Agent and the DIP Term Administrative Agent until such dispute is resolved via settlement or final order of the Court.

10. Purchasers of the Assets in accordance with the Sale Procedures shall be afforded the protections under section 363(m) of the Bankruptcy Code.

11. The requirements set forth in Bankruptcy Rule 6003 are satisfied.

12. Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

13. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

14. Proper, timely, adequate, and sufficient notice of the Motion has been provided in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

15. For the avoidance of doubt, these Sale Procedures shall not apply to the assumption or assumption and assignment of the Debtors' leases of commercial real property with High Properties, a Pennsylvania limited partnership.

16. Notwithstanding anything herein to the contrary, any sale to an insider, as defined by section 101 of the Bankruptcy Code, shall require a separate motion for approval.

17. To the extent that the Debtors seek to sell a litigation claim to the party against whom the claim is asserted or an affiliate of such party, the Debtors shall file a separate motion.

18. Notwithstanding any contrary provisions of this Order, the Debtors shall not sell assets subject to a claim of ownership by AHF absent prior agreement by the Debtors and AHF or further order of the Court, provided that this agreement is subject to AHF's payment of the

reasonable costs of moving and storing such assets incurred prior to such further agreement or order, up to a maximum amount of $30,000 for moving and $10,000 per month for storage, pending further agreement of the parties. TheDebtors shall provide AHF with not less than 3 days' prior written notice of the moving company, storage location, and date of anticipated move of such assets into storage. In the event that AHF waives ownership rights to an asset or group of assets, then upon 3 days written notice of such waiver, the Debtors shall thereafter be responsible for any remaining moving and/or storage costs incurred on and after the 4th day following such notice.

19. All rights of the Debtors and their estates are preserved, including the right to abandon any interest in disputed property.

20. The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: August 19th, 2022  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE