# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ARMSTRONG FLOORING, INC., *et al.*,<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 22-10426 (MFW)<br><br>(Jointly Administered)<br><br>**Monthly Fee Application:**<br><br>Hearing Date: Only in the Event of Objection<br>Objection Deadline: June 7, 2023 at 4:00 p.m. (ET)<br><br>**Final Fee Application:**<br><br>Hearing Date: June 21, 2023 at 2:00 p.m. (ET)<br>Objection Deadline: June 7, 2023 at 4:00 p.m. (ET) |

## ELEVENTH MONTHLY AND FINAL APPLICATION OF CHIPMAN BROWN CICERO & COLE, LLP, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL FOR THE DEBTOR FOR THE MONTHLY PERIOD FROM MARCH 1, 2023 THROUGH AND INCLUDING APRIL 17, 2023 AND THE FINAL PERIOD FROM MAY 8, 2022 THROUGH AND INCLUDING APRIL 17, 2023

| | |
|---|---|
| Name of Applicant: | Chipman Brown Cicero & Cole, LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors-in-Possession, Effective as of May 8, 2022 |
| Monthly Period for Which Compensation and Reimbursement is Sought: | March 1, 2023 through April 17, 2023 |
| Amount of Monthly Compensation Sought as Actual, Reasonable and Necessary: | $190,340.62[2] (80% = $152,272.50) |
| Amount of Monthly Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $528.52 |
| Final Period for Which Compensation and Reimbursement is Sought | May 8, 2022 through April 17, 2023 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: Armstrong Flooring, Inc. (3305); AFI Licensing LLC (3265); Armstrong Flooring Latin America, Inc. (2943); and Armstrong Flooring Canada Ltd. (N/A). The address of the Debtors' corporate headquarters is c/o Riveron Management Services, LLC, 265 Franklin Street, Suite 1004, Boston, MA 02110.

[2] As a courtesy to the Debtors, CBCC has voluntarily reduced the amount of compensation sought in the amount of $2,746.88.

00047638.2

Amount of Final Compensation Sought as Actual, Reasonable and Necessary:   $1,398,655.10[3]

Amount of Final Expense Reimbursement Sought as Actual, Reasonable and Necessary:   $3,668.71

This is a(n) _____ Interim   √   Monthly   √   Final Fee Application.

Prior Applications:

| DATE FILED | PERIOD COVERED | REQUESTED | | APPROVED | |
| --- | --- | --- | --- | --- | --- |
| | | FEES | EXPENSES | FEES | EXPENSES |
| 6/15/2022 D.I. 364 | 5/8/2022-5/31/2022 | $144,575.00 | $159.60 | $144,575.00 | $159.60 |
| 7/15/2022 D.I. 561 | 6/1/2022-6/30/2022 | $223,162.50 | $257.04 | $223,162.50 | $257.04 |
| 08/15/2022 D.I. 703 | 7/1/2022-7/31/2022 | $214,777.50 | $798.06 | $214,777.50 | $798.06 |
| 09/16/2022 D.I. 835 | 8/1/2022-8/31/2022 | $156,984.50 | $35.22 | $156,984.50 | $35.22 |
| 10/17/22 D.I. 924 | 9/1/2022-9/30/2022 | $114,577.50 | $8.32 | $114,577.50 | $8.32 |
| 11/15/22 D.I. 983 | 10/1/2022-10/31/2022 | $66,642.50 | $875.81 | $66,642.50 | $875.81 |
| 12/15/22 D.I. 1043 | 11/1/2022/-11/30/2022 | $65,341.25 | $150.90 | $52,273.00 | $150.90 |
| 1/18/23 D.I. 1090 | 12/1/2022-12/31/2022 | $37,140.00 | $407.99 | $29,712.00 | $407.99 |
| 2/15/23 D.I. 1216 | 1/1/2023-1/31/2023 | $74,645.00 | $79.40 | $59,716.00 | $79.40 |
| 3/29/23 D.I. 1311 | 2/1/2023-2/28/2023 | $110,468.73 | $367.85 | $88,374.98 | $367.85 |

---

[3] As a courtesy to the Debtors, CBCC has voluntarily reduced the amount of final compensation sought in the amount of $39,576.90.

## SUMMARY OF FINAL FEE APPLICATION

| | |
|---|---|
| Name of Applicant: | Chipman Brown Cicero & Cole, LLP |
| Name of Client: | Debtors |
| Time Period Covered by Final Application: | May 8, 2022 through April 17, 2023 |
| Total Compensation Sought During the Final Application Period: | $1,398,655.10[4] |
| Total Expenses Sought During the Final Application Period: | $3,668.71 |
| Petition Date: | May 8, 2022 |
| Retention Date: | May 8, 2022 |
| Date of Order Approving Employment: | June 8, 2022 |
| Total Compensation Approved by Interim Order to Date: | $920,719.50 |
| Total Expenses Approved by Interim Order to Date: | $2,134.05 |
| Total Allowed Compensation Paid to Date: | $852,857.72 |
| Total Allowed Expenses Paid to Date: | $2,134.05 |
| Blended Rate in the Final Application for All Attorneys: | $584.73 |
| Blended Rate in the Final Application for All Timekeepers: | $506.12 |
| Compensation Sought in the Final Application Already Paid Pursuant to a Monthly Compensation Order, but Not Yet Allowed: | $57,727.10 |
| Expenses Sought in the Final Application Already Paid Pursuant to a Monthly Compensation Order, but Not Yet Allowed: | $150.90 |
| Number of Professionals Included in Final Application: | 12 |
| Number of Professionals Billing Fewer than Fifteen (15) Hours to the Case During the Final Application Period: | 4 |
| Are Any Rates Higher than those Approved or Disclosed at Retention? | No |

---

[4] As a courtesy to the Debtors, CBCC has voluntarily reduced the amount of final compensation sought in the amount of $39,576.90.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| ARMSTRONG FLOORING, INC., *et al*., | Case No. 22-10426 (MFW) |
| Debtors.[1] | (Jointly Administered) |
| | **Monthly Fee Application:** |
| | Hearing Date: Only in the Event of Objection<br>Objection Deadline: June 7, 2023 at 4:00 p.m. (ET) |
| | **Final Fee Application:** |
| | Hearing Date: June 21, 2023 at 2:00 p.m. (ET)<br>Objection Deadline: June 7, 2023 at 4:00 p.m. (ET) |

**ELEVENTH MONTHLY AND FINAL APPLICATION OF CHIPMAN BROWN CICERO & COLE, LLP, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL FOR THE DEBTOR FOR THE MONTHLY PERIOD FROM MARCH 1, 2023 THROUGH AND INCLUDING APRIL 17, 2023 AND THE FINAL PERIOD FROM MAY 8, 2022 THROUGH AND INCLUDING APRIL 17, 2023**

Pursuant to sections 330 and 331 of title 11 of the United States Code §§ 101-1532 (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), Chipman Brown Cicero & Cole, LLP ("**CBCC**"), co-counsel to the debtors and debtors-in-possession (the "**Debtors**"), hereby submits its eleventh monthly application for compensation and reimbursement of expenses for the period from March 1, 2023 through and including April 17, 2023 (the "**Monthly Application**") and final application for the period from May 8, 2022 through and including April 17, 2023 (the "**Final Application**" and together with the Monthly Application, the "**Application**").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: Armstrong Flooring, Inc. (3305); AFI Licensing LLC (3265); Armstrong Flooring Latin America, Inc. (2943); and Armstrong Flooring Canada Ltd. (N/A). The address of the Debtors' corporate headquarters is c/o Riveron Management Services, LLC, 265 Franklin Street, Suite 1004, Boston, MA 02110.

00047638.2

In accordance with the *Order Authorizing Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 258] entered June 1, 2022 (the "**Interim Compensation Order**"), CBCC seeks reasonable compensation for services rendered as co-counsel to the Debtors in the amount of $190,340.62, together with reimbursement for actual and necessary expenses incurred in the amount of $528.52, for the monthly period March 1, 2023 through and including April 17, 2023 (the "**Monthly Fee Period**"), and in the amount of $1,398,655.10, together with reimbursement for actual and necessary expenses incurred in the amount of $3,668.71 for the final period commencing May 8, 2022 through and including April 17, 2023 (the "**Final Fee Period**"). In support thereof, CBCC respectfully represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over the Debtor, its estates, and this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b).

2. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. § 1408.

3. Pursuant to Local Rule 9013-1(f), CBCC consents to the entry of a final order by the Court in connection with this Application, to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4. The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-2.

## BACKGROUND

A.     GENERAL BACKGROUND.

5.     On May 8, 2022 (the "**Petition Date**"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**"), thereby commencing these cases (the "**Chapter 11 Cases**").

6.     The Debtors continue to be in possession of their property and manage their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.     On May 18, 2022, the Office of the United States Trustee for Region 3 (the "**U.S. Trustee**") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "**Committee**") [Docket No. 175].

8.     On June 1, 2022, the Court signed the Interim Compensation Order, authorizing certain professionals ("**Professionals**") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Interim Compensation Order provides, among other things, that a Professional may submit monthly fee applications. If no objections are made within twenty-one (21) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses.

9.     On April 17, 2023, this Court entered the *Order Converting Debtors' Chapter 11 Cases to Cases Under Chapter 7 of the Bankruptcy Code* [Docket No. 1352] (the "**Conversion Order**").

B.     THE RETENTION OF CHIPMAN BROWN.

10.     On May 20, 2022, the Debtors filed the *Application of Debtors for Entry of Order Authorizing the Retention and Employment of Chipman Brown Cicero & Cole LLP as Co-Counsel to Debtors, Effective as of the Petition Date* [Docket No. 189] (the "**Retention Application**").

11. On June 8, 2022, the Court entered the *Order Authorizing Retention and Employment of Chipman Brown Cicero & Cole, LLP as Co-Counsel to Debtors, Effective as of the Petition Date* [Docket No. 312] (the "**Retention Order**").

## RELIEF REQUESTED

12. Subject to Court approval, CBCC seeks payment for compensation on an hourly basis, plus reimbursement of actual, necessary expenses incurred by CBCC during the Application Period. With the exception of copy charges (which are charged at a lower rate), the rates charged by CBCC in these Chapter 11 Cases do not differ from the rates charged to CBCC's non-bankruptcy clients.

## SUMMARY OF MONTHLY SERVICES RENDERED

13. Attached hereto as **Exhibit A** is a detailed statement of fees incurred during the Monthly Fee Period, showing the amount of $190,340.62 due for fees.

14. The services rendered by CBCC during the Monthly Fee Period are grouped into the categories set forth in **Exhibit A**. The attorneys and paralegals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category, in the attachments hereto.

## DISBURSEMENTS

15. Attached hereto as **Exhibit B** is a detailed statement of expenses paid by CBCC during the Monthly Fee Period, showing the amount of $528.52 for reimbursement of expenses. Pursuant to Local Rule 2016-2, CBCC represents as follows with regard to its charges for actual and necessary costs and expenses incurred during the Application Period:

   a. Copy charges and photocopying expenses were $.10 per page, which charge is reasonable and customary in the legal industry and represents the costs of copy material, acquisition, maintenance, storage and operation of copy and printer machines, together with a margin for recovery of related

      expenditures. In addition, CBCC often utilizes outside copier services for high volume projects, and this Application seeks the recovery of those costs, if applicable;

    b.    Incoming facsimiles are not billed;

    c.    Outgoing facsimiles are billed at the rate of $.25 per page;

    d.    Toll telephone charges are not billed; and

    e.    Computer assisted legal research charges are billed at actual costs.

### **REQUEST FOR FINAL APPROVAL OF FEES AND EXPENSES**

16.    The Application also covers the Final Fee Period of May 8, 2022 through and including April 17, 2023. During the Final Fee Period, CBCC performed necessary services and incurred out-of-pocket disbursements for the Debtors and their estates. As set forth in prior monthly applications, in accordance with the factors enumerated in 11 U.S.C. § 330, approval of the fees requested for the Final Fee Period is fair and reasonable given (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. In addition, the out-of-pocket disbursements for which reimbursement is sought were actual, reasonable and necessary costs incurred while representing the Debtors.

17.    CBCC has performed incidental services for the Debtors in connection with the Conversion Order, including consultation with the Chapter 7 Trustee and his counsel regarding the Chapter 11 Cases, the transition to Chapter 7, and the compilation and filing of the information required by Bankruptcy Rule 1019 and the Conversion Order. CBCC will not bill the Debtors for such services.

18.    The following information is provided pursuant to Paragraph 9 of the Conversion Order.

i. Total amount CBCC has been paid to date: (a) fees: $910,584.82; (b) $2,284.95 expenses.

ii. Any remaining retainer amount held by CBCC: $0.

iii. Any amounts held in a reserve for purposes of paying professional fees: CBCC understands that (a) the professional fee escrow account at Delaware Trust Company held approximately $321,958.45 as of May 3, 2023; and (b) the supplemental carve-out fund contributed by the lenders for the wind down of the Debtors' estates held at Bank of America, N.A. contained approximately $1 million after the Conversion Order was entered, including approximately $500,000 allocated for payment of professional fees.

iv. The remaining amount outstanding: $547,332.04, consisting of (a) previously-approved but unpaid fees: $67,861.78; (b) previously-approved but unpaid expenses: $0.00; (c) fees sought under this Application that have not yet been approved: $477,935.60; and (d) expenses sought under this Application that have not yet been approved: $1,534.66.

## RESPONSES TO FEE GUIDELINES QUESTIONNAIRE

| QUESTION | RESPONSE | EXPLANATION |
|---|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain. | No | N/A |
| If the fees sought in this fee application as compared to the fees budgeted for this time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? | N/A | N/A |
| Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? | No | N/A |
| Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? | Yes | The fee application for February 2023 was reviewed by CBCC during the Monthly Fee Period. |
| Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? | Yes | The fee application for February 2023 was reviewed by CBCC during the Monthly Fee Period. |
| If the fee application includes any rate increases since retention:<br><br>i. Did your client review and approve those rate increases in advance?<br><br>ii. Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA formal Ethics Opinion 11-458? | N/A | N/A |

## CERTIFICATE OF COMPLIANCE AND WAIVER

19.     The undersigned representative of CBCC certifies that he has reviewed the requirements of Local Rule 2016-2 and that the Application substantially complies with that Local

Rule.  To the extent that the Application does not comply in all respects with the requirements of Local Rule 2016-2, CBCC believes that such deviations are not material and respectfully requests that any such requirements be waived.

## CONCLUSION

**WHEREFORE**, CBCC respectfully requests that allowance be made to it in the sum of $190,340.62 as compensation for necessary professional services rendered to the Debtors for the Monthly Fee Period, and the sum of $528.52 for reimbursement of actual necessary costs and expenses incurred during that Monthly Fee Period, and final allowance be made to it in the sum of $1,398,655.10 as compensation for necessary professional services rendered to the Debtors for the Final Fee Period, and the sum of $3,668.71 for reimbursement of actual necessary costs and expenses incurred for the Final Fee Period, and further requests such other and further relief as this Court may deem just and proper.

Dated:  May 16, 2023
        Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

/s/  Robert A. Weber
Robert A. Weber (I.D. No. 4013)
Mark L. Desgrosseilliers (No. 4083)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone: (302) 295-0191
Weber@chipmanbrown.com
Desgross@chipmanbrown.com

*Co-Counsel for the Debtors and the Debtor-in-Possessions*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| ARMSTRONG FLOORING, INC., *et al.*, | Case No. 22-10426 (MFW) |
| Debtors.[1] | (Jointly Administered) |

## VERIFICATION

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | SS |
| COUNTY OF NEW CASTLE | ) | |

I, Robert A. Weber, being duly sworn according to law, deposes and says:

1. I am a partner in the law firm of Chipman Brown Cicero & Cole, LLP, co-counsel to ARMSTRONG FLOORING, INC. and its affiliates.

2. I have read the foregoing Application of Chipman Brown Cicero & Cole, LLP for allowance of compensation and reimbursement of expenses and know the contents thereof, and the same are correct to the best of my knowledge, information, and belief.

3. I have reviewed the requirements of Local Rule 2016-2 of the United States Bankruptcy Court for the District of Delaware, and to the best of my knowledge, information and belief this Application complies with Local Rule 2016-2.

Dated: May 16, 2023

/s/ Robert A. Weber
Robert A. Weber (No. 4013)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: Armstrong Flooring, Inc. (3305); AFI Licensing LLC (3265); Armstrong Flooring Latin America, Inc. (2943); and Armstrong Flooring Canada Ltd. (N/A). The address of the Debtors' corporate headquarters is c/o Riveron Management Services, LLC, 265 Franklin Street, Suite 1004, Boston, MA 02110.

00047638.2