UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ARMSTRONG FLOORING, INC., *et al.*[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 22-10426 (MFW)<br><br>(Jointly Administered)<br><br>**Re: D.I.** _____ |

### ORDER GRANTING FINAL FEE APPLICATION OF RYAN, LLC

Upon consideration of the Final Fee Application of Ryan, LLC ("Ryan") (the "Application"), for allowance of compensation for services rendered and reimbursement of expenses incurred as tax consultant to the debtors and debtors in possession in the above-captioned chapter 7 case (collectively, the "Debtors") for the period from September 21, 2022, through April 26, 2023 (the "Application Period"); and all applicable requirements of the Bankruptcy Code and the Bankruptcy Rules having been satisfied; and sufficient notice of the Application having been provided and no other or further notice being required; and the Court having read and considered the Application, and no objections having been filed to the Application; and for good cause shown; and after due deliberation thereon and good and sufficient notice appearing therefor,

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their respective tax identification numbers, are as follows: Armstrong Flooring, Inc. (3305); AFI Licensing LLC (3265); Armstrong Flooring Latin America, Inc. (2943); and Armstrong Flooring Canada Ltd. (N/A). The address of the Debtors' corporate headquarters is c/o Riveron Management Services, LLC, 265 Franklin Street, Suite 1004, Boston, MA 02110. These cases were converted from chapter 11 to chapter 7 on April 17, 2023 [ECF No. 1352].

**IT IS HEREBY ORDERED THAT**:

1. Ryan is allowed an administrative expense claim of $203,360.85 as reasonable compensation for actual, necessary services performed by Ryan and reimbursement of reasonable out-of-pocket expenses.

2. The Estate is authorized and directed to pay to Ryan $27,180.22 as reflected on Ryan's Invoice Nos. 491731, 502501, and 502425 within 10 business days of the date of this Order.

3. The Estate is authorized and directed to pay Ryan $140,731.63 for Ryan's completed work but unbilled Services rendered to the Debtors within 10 business days of the Estate's or any of Estate's agents' or representatives' receipt of the Refunds. If the Estate or any of the Estate's agents or representatives have already received the Refunds, then the Estate is directed to pay Ryan $140,731.63 within 10 business days of the date of this Order.

4. The Court shall retain exclusive jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

5. This Order shall be effective immediately upon entry.