## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| ARMSTRONG FLOORING, INC., et al.,[1] | Case No. 22-10426 (MFW) |
| Debtors. | |
| | **Re: Docket No. 1378** |

### CERTIFICATION OF NO OBJECTION REGARDING APPLICATION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, PURSUANT TO BANKRUPTCY CODE SECTIONS 327(A) AND 328(A), BANKRUPTCY RULES 2014(A) AND 2016, AND LOCAL RULE 2014-1 FOR AUTHORITY TO EMPLOY AND RETAIN GIULIANO, MILLER & COMPANY, LLC AS ACCOUNTANTS AND FINANCIAL ADVISORS TO CHAPTER 7 TRUSTEE, EFFECTIVE AS OF APRIL 17, 2023

The undersigned hereby certifies that, as of the date hereof, no answer, objection or other responsive pleading has been received to the *Application of Alfred T. Giuliano, Chapter 7 Trustee, Pursuant to Bankruptcy Code Sections 327(a) and 328(a), Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1 for Authority to Employ and Retain Giuliano, Miller & Company, LLC as Accountants and Financial Advisors to Chapter 7 Trustee, Effective as of April 17, 2023* (the "Application") [Docket No. 1378] filed on April 28, 2023. The undersigned further certifies that the Court's docket has been reviewed in this case and no answer, objection or other responsive pleading to the Application appears thereon. Pursuant to the notice, objections to the Application were to be filed and served no later than May 12, 2023 at 4:00 p.m. (ET).

Accordingly, it is hereby respectfully requested that the proposed order attached hereto as **Exhibit A** be entered at the Court's earliest convenience.

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their respective tax identification numbers, are as follows: Armstrong Flooring, Inc. (3305); AFI Licensing LLC (3265); Armstrong Flooring Latin America, Inc. (2943); and Armstrong Flooring Canada Ltd. (N/A). The address of the Debtors' corporate headquarters is PO Box 10068, 1770 Hempstead Road, Lancaster, PA 17605.

Dated:  May 22, 2023         PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*

Bradford J. Sandler (DE Bar No. 4142)
Peter J. Keane (DE Bar No. 5503)
Edward A. Corma (DE Bar No. 6718)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:     bsandler@pszjlaw.com
           pkeane@pszjlaw.com
           ecorma@pszjlaw.com

*Proposed Counsel to Alfred T. Giuliano,*
*Chapter 7 Trustee*

## Exhibit A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ARMSTRONG FLOORING, INC., et al.,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 22-10426 (MFW<br><br>**Re: Docket No. 1378** |

**ORDER GRANTING APPLICATION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, PURSUANT TO BANKRUPTCY CODE SECTIONS 327(A) AND 328(a), BANKRUPTCY RULES 2014(a) AND 2016, AND LOCAL RULE 2014-1 FOR AUTHORITY TO EMPLOY AND RETAIN GIULIANO, MILLER & COMPANY, LLC AS ACCOUNTANTS AND FINANCIAL ADVISORS TO CHAPTER 7 TRUSTEE, <u>EFFECTIVE AS OF APRIL 17, 2023</u>**

Upon consideration of the Application (the "<u>Application</u>")[2] of Alfred T. Giuliano, the chapter 7 trustee (the "<u>Trustee</u>") of the estates of the above-captioned debtors (collectively, "<u>Debtors</u>"), pursuant to sections 327(a) and 328(a) of the Bankruptcy Code for authority to employ and retain Giuliano, Miller & Company, LLC ("<u>GMCO</u>") as accountants and financial advisors to the Trustee, effective as of April 17, 2023, the Court having reviewed the Application, and the Declaration of Donna M. Miller (the "<u>Declaration</u>"); the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and that this Court may enter a final order consistent with Article III of the United States Constitution; (b) notice of the Application and the hearing was sufficient under the circumstances; (c) based on the information available to GMCO to date and the disclosures GMCO has made to date, GMCO neither has nor represents any interest

---

[1]  The Debtors in these chapter 7 cases, along with the last four digits of their respective tax identification numbers, are as follows:  Armstrong Flooring, Inc. (3305); AFI Licensing LLC (3265); Armstrong Flooring Latin America, Inc. (2943); and Armstrong Flooring Canada Ltd. (N/A).  The address of the Debtors' corporate headquarters is PO Box 10068, 1770 Hempstead Road, Lancaster, PA 17605.

[2]  Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

materially adverse to the interests of the Debtors' estates, any other parties in interest, or in connection with the Debtors' cases; (d) the Court having determined that GMCO is a "disinterested person" pursuant to § 101(14) of the Bankruptcy Code; and (e) the Court having determined that the legal and factual bases set forth in the Application and the Declaration establish just cause for the relief granted herein; and it appearing to the Court that the said Application should be approved, it is HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. The Trustee is hereby authorized to retain and employ GMCO as accountants and financial advisors pursuant to sections 327 and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1, effective as of April 17, 2023.

3. GMCO shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' cases in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and any applicable procedures and orders of this Court.

4. GMCO is authorized to render professional services to the Trustee as described in the Application.

5. GMCO shall provide notice to the Court of any adjustments of its hourly rates, and shall serve such notice upon the U.S. Trustee, the Debtors, and the Trustee.

6. The Trustee and GMCO are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.