**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| ARMSTRONG FLOORING, INC., et al.,[1] | Case No. 22-10426 (MFW) |
| Debtors. | |
| | **Re: Docket No. 1388** |

**CERTIFICATION OF NO OBJECTION REGARDING APPLICATION
OF THE CHAPTER 7 TRUSTEE FOR AN ORDER AUTHORIZING THE
RETENTION AND EMPLOYMENT OF ASK LLP AS SPECIAL COUNSEL
TO PURSUE AVOIDANCE ACTIONS, EFFECTIVE AS OF APRIL 17, 2023**

The undersigned hereby certifies that, as of the date hereof, no answer, objection or other responsive pleading has been received to the *Application of the Chapter 7 Trustee for an Order Authorizing the Retention and Employment of ASK LLP as Special Counsel to Pursue Avoidance Actions, Effective as of April 17, 2023* (the "Application") [Docket No. 1388] filed on May 15, 2023.  The undersigned further certifies that the Court's docket has been reviewed in this case and no answer, objection or other responsive pleading to the Application appears thereon.  Pursuant to the notice, objections to the Application were to be filed and served no later than May 31, 2023 at 4:00 p.m. (ET).

Accordingly, it is hereby respectfully requested that the proposed order attached hereto as **Exhibit A** be entered at the Court's earliest convenience.

---

[1]   The Debtors in these chapter 7 cases, along with the last four digits of their respective tax identification numbers, are as follows:  Armstrong Flooring, Inc. (3305); AFI Licensing LLC (3265); Armstrong Flooring Latin America, Inc. (2943); and Armstrong Flooring Canada Ltd. (N/A).  The address of the Debtors' corporate headquarters is PO Box 10068, 1770 Hempstead Road, Lancaster, PA 17605.

Dated:  June 5, 2023                    PACHULSKI STANG ZIEHL & JONES LLP

                                        */s/ Peter J. Keane*
                                        Bradford J. Sandler (DE Bar No. 4142)
                                        Peter J. Keane (DE Bar No. 5503)
                                        Edward A. Corma (DE Bar No. 6718)
                                        919 N. Market Street, 17th Floor
                                        P.O. Box 8705
                                        Wilmington, DE 19899 (Courier 19801)
                                        Telephone:  (302) 652-4100
                                        Facsimile:  (302) 652-4400
                                        Email:      bsandler@pszjlaw.com
                                                    pkeane@pszjlaw.com
                                                    ecorma@pszjlaw.com

                                        *Counsel to Alfred T. Giuliano,*
                                        *Chapter 7 Trustee*

**<u>Exhibit A</u>**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| Armstrong Flooring, Inc., *et al.*, | Case No.: 22-10426 (MFW) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: D.I. 1388** |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF ASK LLP AS SPECIAL COUNSEL TO CHAPTER 7 TRUSEE TO PURSUE AVOIDANCE ACTIONS, EFFECTIVE AS OF APRIL 17, 2023

Upon the *Application of the Chapter 7 Trustee for an Order Authorizing the Retention and Employment of ASK LLP as Special Counsel to Pursue Avoidance Actions, Effective as of April 17, 2023* (the "Application");[2] and upon consideration of the Steinfeld Declaration; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that venue of these cases and the Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that due and sufficient notice of the Application has been given under the particular circumstances and that no other or further notice of the Application need be given; and this Court having determined that it may enter a final order consistent with Article III of the United

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their respective tax identification numbers, are as follows: Armstrong Flooring, Inc. (3305); AFI Licensing LLC (3265); Armstrong Flooring Latin America, Inc. (2943); and Armstrong Flooring Canada Ltd. (N/A). The address of the Debtors' corporate headquarters is PO Box 10068, 1770 Hempstead Road, Lancaster, PA 17605.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

States Constitution; and this Court having found and determined that the relief sought in the Application is in the best interest of the Debtors, their estates, their creditors, and all other parties in interest; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

## IT IS HEREBY ORDERED THAT:

1.    The Application is GRANTED as set forth herein.

2.    The Trustee is hereby authorized, pursuant to sections 327(a) and 328 of the Bankruptcy Code, to retain and employ ASK as special counsel pursuant to the terms set forth in the Application and the Engagement Letter, attached to this Order as **Exhibit 1**, effective as of April 17, 2023.

3.    The Trustee is hereby authorized to compensate ASK in accordance with the terms and conditions set forth in the Application and the Engagement Letter. Because of the disclosure of the Contingency Fee Schedule approved in connection with the Application and the manner of payment of those fees, ASK shall apply for compensation for its professional services rendered and reimbursement of expenses incurred in connection with the cases by filing a short form interim statement that includes the amount of fees paid and a detailed itemization of expenses incurred, including any filing fees advanced by ASK, interim fee applications, and a final fee application, in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such other procedures as may be fixed by order of this Court.

4.    The Trustee and ASK are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

## **EXHIBIT 1**

**Engagement Letter**



Kara E. Casteel, Esq.
Direct Line 651 289 3846 | kcasteel@askllp.com
2600 Eagan Woods Drive, Suite 400 | St. Paul, Minnesota | 55121
phone 651 406 9665 | fax 651 406 9676 | www.askllp.com

April 18, 2023

*Via Email*

Alfred T. Giuliano
Giuliano Miller & Co., LLC
2301 E. Evesham Road
Pavillion 800, Suite 210
Voorhees, NJ 08043
*Email: atgiuliano@giulianomiller.com*

**Re:    Armstrong Flooring, Inc.,** *et al.*, **Case No. 22-10426 (MFW);**
**Retention of ASK LLP for the Analysis and Litigation of Avoidance Actions**

Dear Fred:

This letter sets forth the engagement terms whereby ASK LLP ("ASK") will serve as special counsel to you as chapter 7 trustee (the "Trustee") for Armstrong Flooring, Inc. and each of its affiliated entities (collectively, the "Debtors") to analyze, prosecute and/or settle avoidance actions under chapter 5 of title 11 of the United States Code (the "Avoidance Actions").

**History of Our Firm and Proven Results**

For over 39 years ASK has been the predominant law firm specializing in the analysis and recovery of avoidance claims. Since 2000 ASK has recovered more than $450 million in avoidance claims, filed approximately 500 suits over $1 million, and tried over 25 cases to judgment. We are large portfolio specialists and regularly handle 500+ adversary proceedings (our largest filing was 1,745 cases). One of the keys to our success is our proprietary software that allows us to evaluate the new value and ordinary course of business ("OCB") defenses, enabling us to quickly calculate the net preference given a variety of OCB ranges. Defendants' counsel often use our software spreadsheets to go back to their clients to recommend a settlement.

ASK has shaped the preference law with numerous published decisions and we regularly lecture on the topic at trade association and law firm CLEs. The following list contains major engagements:

- Quebecor World (USA), Inc., et al, (S.D.N.Y.), recovered $51 million
- Hechinger Investment Company (D. Del.), recovered $47.2 million
- WP Steel Venture, LLC, et al. (D. Del.), recovered $46 million
- Montgomery Ward LLC (D. Del.), recovered $41 million
- Sears Holding Corp. (S.D.N.Y.), recovered more than $35.9 million (active case)
- hhgregg (S.D. Ind.), recovered more than $21.6 million
- Dean Foods Company (S.D. Tex.), recovered more than $16.4 million (active case)



## Staffing of this Engagement

As ASK's head of bankruptcy litigation, I will oversee the collection and litigation efforts of the firm and will be lead counsel in this matter. Our managing partners, Joe Steinfeld and Ed Neiger will contribute their expertise as well so that you will have ASK's entire senior leadership devoted to ensuring a successful result. ASK will utilize our staff of seasoned attorneys who have on average 15-20 years' experience working exclusively in avoidance action and commercial accounts receivable cases. They in turn will be assisted by paralegals that have been collecting preferences and accounts receivable and/or assisting in the litigation of preferences and accounts receivable for more than fifteen years. With this dedicated team of professionals, we are confident that we will outperform our competition that look at preference or accounts receivable work as filler for associates and paralegals or collection agencies who lack the expertise and resources of a full-service law firm and by their very nature must sub-contract out the litigation.

## Deliverables

### A.    No Cost, No Obligation Preference Analysis

ASK previously provided the Debtors with a complete preference analysis, which traditionally costs $50,000 or more, without additional fee. We will provide you the complete preference analysis as well, along with an analysis of the remaining preference actions only if requested. The preference analysis contains the following reports:

1.    A Summary Report of potential preference actions showing on a per vendor basis the gross transfer total, amount of new value, the weighted average invoice to payment days for the preference and historical period, the amount of payments ASK recommends being considered as within the ordinary course of business, and the resulting net preference claim based on a statistical-only analysis.

2.    An Age Comparison Report for each vendor displaying in a side-by-side comparison the transaction patterns throughout the historical time frame and the preference period. The percentage by dollar amount that were paid within each age bucket is computed and the difference calculated in percentage terms.

3.    We also analyze the 20-day 11 U.S.C. § 503(b)(9) claims of preference creditors. Our analysis program denies new value to any invoices involving the sale of goods for the 20-day period prior to the petition date if the caselaw on this issue is favorable or undecided in the applicable district.



May 15, 2023
Page 3

**B.      Client Portal**

We provide our clients and their counsel at no additional cost an easy to navigate dashboard that instantly displays the collection status of the preference portfolio as a whole, or the status of an individual case.

**C.      Recovery Work**

**1.      Pre-Suit**

ASK attempts to recover claims before an adversary proceeding is commenced and expenses incurred. To procure settlements we send a demand package consisting of the following documents, all of which are to be pre-approved by you including the timing of the delivery of such demand packages:

- A multi-paged customized explanatory letter regarding the preference liability; and
- A settlement offer and acceptance form.

Our professionals will attempt to make phone contact with every recipient of a preference demand to verify the package is in the right hands and to encourage the settlement option. As part of the settlement process we may share certain of our preference analysis reports.

**2.      Suit**

Once suit is authorized, we usually serve the following documents with the summons and complaint:

- A cover letter explaining the party is being served; and
- Any appropriate local forms such as a notice of dispute resolution alternatives.

Our professionals attempt to make phone contact with every recipient of a lawsuit to verify the package is in the right hands and to encourage the settlement option.

**D.      Fees and Expenses**

**1.      Analysis Fee**

We will provide you with the initial preference analysis previously provided to the Debtors at no cost (and will provide it to any authorized interested party) to assist in determining which actions should continue to be maintained. ASK is only to be paid should ASK be authorized to make (or continue) pursuit of preference demands upon creditors, and only from the proceeds of those demands. Our compensation for our full avoidance claims analysis is included as part of the contingency fee set forth below.



May 15, 2023
Page 4

**2.      Contingency Legal Fees**

ASK and the Trustee agree on the following fee structure for this engagement:

<u>Pre-Suit</u>:  ASK shall earn legal fees on a contingency basis of **17.5%** of the cash value of any recoveries obtained from a potential defendant of an Avoidance Action after ASK issues a demand letter but prior to initiating an Avoidance Action proceeding against such defendant.

<u>Post Suit</u>. ASK shall earn legal fees on a contingency basis of **25%** of the cash value of any recoveries obtained in connection with the settlement of any Avoidance Action after ASK initiates such Avoidance Action proceeding but prior to the earlier of a) obtaining a judgment against such defendant or b) after a final pretrial is held.

<u>Post Judgment/Final Pre-Trial:</u>  ASK shall earn legal fees on a contingency basis of **30%** of the cash value of any recoveries obtained from an Avoidance Action defendant the earlier of ASK obtaining a judgment against such defendant or after a final pretrial is held.

Claim waiver:  If ASK earned and was paid amounts for the cash equivalent value of any claim waiver for any settlement during its engagement by the Debtors during the Debtors' chapter 11 cases pursuant to ASK's prior engagement letter and retention order [see Docket Nos. 896, 960], the Trustee does not oppose ASK keeping such amounts.  ASK's compensation as of the April 17, 2023 conversion date will not include the cash equivalent value of any claim waiver.

**E.      ASK will Advance Expenses and Only Be Reimbursed From Collections**

ASK will advance all fees and expenses and seek reimbursement only from collections. Thus, if for some unforeseen reason, there is insufficient cash recovery to cover the entire out of pocket expenses, ASK will not seek reimbursement of any deficiency.

**F.      Reimbursed Expenses; Data Storage; Local Counsel**

Reasonable out of pocket expense items include but are not limited to: reasonable expenses related to the importation of data, including the hiring of computer consultants to assist in the extraction of data, shipping costs of records, adversary, appellate, and other court filing fees; reasonable costs of pleading filing services; mediation fees, deposition expenses; cost to domesticate and collect out of state judgments, entity name/officer verifications at $10.00 per entity; service of process (for writs, etc.); travel expenses, photocopying at 10 cents per page, postage, and telephone charges; and witness fees and costs. We will deduct our expenses and costs from the remittances at least once a month. In the event there is insufficient recoveries in a given month to cover the out-of-pocket expenses, ASK will bill the deficiency to the Trustee and ASK will be paid from any recoveries the Trustee or estate may have obtained previously from ASK. The reasonable legal fees and expenses of ASK's local counsel (if any) will be paid by the Trustee.



May 15, 2023
Page 5

ASK is not responsible for any expert witness fees and expenses. ASK will work cooperatively with other retained professionals in these cases to avoid duplicative and/or competing efforts and will defer to you with respect to the decision(s) as to the hiring of experts. Retained experts (if necessary) to prove insolvency and/or to rebut objective defense industry experts) <u>are to be separately employed and paid for by the Trustee and are not considered part of this proposal</u>.

ASK will store all physical and electronic records without any charge. Unless otherwise directed by you, ASK will maintain physical copies of its working collection files associated with its collection on the Avoidance Actions for five (5) years after an Avoidance Action file is closed, after which point ASK will dispose of the same in a manner which preserves client confidentiality.

## G.    Remittances and Reports

All proceeds recovered by ASK ("<u>Gross Proceeds</u>") will be deposited into a segregated attorney trust account. ASK will make monthly remittances, net of our fees and expenses, to the designated recipient.  We will also make wire transfers to the chosen account.  As part of the remittance, ASK will provide monthly reports summarizing settlements received and costs incurred in the prior month and its contingency fee percentage for each collection.  Should ASK be required to remit in gross then we expect payment of ASK's bill within ten (10) days of presentation.  ASK will also send monthly status reports detailing the status of all pending cases that remain open for collection.

## H.    Settlement Authority

In order to assist the Trustee with the information necessary to make an informed decision, ASK will provide a settlement analysis spreadsheet and agrees to follow any instructions or settlement protocol that have been established.

Please return a copy of this letter counter-signed by an authorized representative of the Trustee via email. We understand that a subsequent[1] application to employ ASK LLP will need to be filed with the bankruptcy court. In furtherance thereof we will assist your counsel in the preparation of the same without additional cost. We are grateful for your trust and confidence, and we expect to continue building on our relationship.

---

[1] ASK LLP was previously employed by the Debtors to pursue Avoidance Actions, which retention was approved at Bankruptcy Docket No. 960.



May 15, 2023
Page 6

Very truly yours,

Kara E. Casteel, Esq.

Accepted by:

By: */s/ Alfred T. Giuliano*_____
Alfred T. Giuliano
Chapter 7 Trustee of Armstrong Flooring, Inc., *et al.*

Dated: May 15, 2023