IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ARMSTRONG FLOORING, INC., et al.,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 22-10426 (MFW)<br><br>**Re: Docket Nos. 1389, 1393, 1394, 1395, 1396, 1399, 1400, 1403** |

**CHAPTER 7 TRUSTEE'S OMNIBUS LIMITED OBJECTION TO FINAL FEE APPLICATIONS OF CHAPTER 11 ESTATE PROFESSIONALS**

Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors") filed this omnibus limited objection (this "Objection") to the final fee applications of chapter 11 estate professionals (the "Applications") filed in this case. In support of the Objection, the Trustee submits as follows:

**Preliminary Statement**

1.      The Trustee does not object to allowance of the fees and expenses sought in the Applications. However, the Trustee objects to the Applications to the extent they seek immediate payment for the full amounts stated from general estate funds because there is not enough cash in the Debtors' estates and there are over $22 million in non-professional chapter 11 administrative expense claims asserted against the estates.

2.      The Trustee is statutory fiduciary on behalf of all creditors. *See In re Wisdom*, 478 B.R. 394, 399 (Bankr. D. Idaho 2012) (a chapter 7 trustee is described as a fiduciary charged with protecting the interests of all creditors of the estate). To that end, the Trustee must be careful not to prefer similarly-situated creditors over others.

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their respective tax identification numbers, are as follows: Armstrong Flooring, Inc. (3305); AFI Licensing LLC (3265); Armstrong Flooring Latin America, Inc. (2943); and Armstrong Flooring Canada Ltd. (N/A).

3. The Trustee is still in the process of reviewing the applicable DIP financing orders and related documents and budgets to understand the Professionals' entitlement to payment from professional fee reserve carveout amounts or winddown funds. The Trustee needs to understand how Professionals were treated among each other and how the Professionals were treated relative to other administrative creditors as the estates are administratively insolvent by $22 million. To that end, it is possible that some Professionals may have to later disgorge amounts received so that the Professionals are treated equally.

## Background

2. On May 8, 2022 (the "Petition Date"), the Debtors each commenced a case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases are being jointly administered for procedural purposes pursuant to Bankruptcy Rule 1015(b).

3. On April 17, 2023, the Court entered an order converting these Chapter 11 Cases to Chapter 7 Cases (the "Conversion Order") [Docket No. 1352], and Alfred T. Giuliano was appointed as the Chapter 7 Trustee.

4. On June 7, 2022, the Court entered a final DIP financing order [Docket No. 311] (the "Final DIP Order"). On July 19, 2022, the Court entered a supplemental order to the Final DIP Order [Docket No. 581].

5. In accordance with the *Order Authorizing Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "Interim Compensation Order") [Docket No. 258] various estate professionals in the Chapter 11 Cases (the "Professionals") filed applications seeking allowance and payment of compensation and reimbursement of expenses during the course of the Chapter 11 Cases.

6. Following the Conversion Order, the Trustee understands that the Professionals have indicated that: (a) the professional fee escrow account established under the Final DIP Order holds approximately $321,958.45 as of May 3, 2023 for payment of Professionals; and (b) the supplemental carve-out fund contributed by the lenders for the wind down of the Debtors' estates held at Bank of America, N.A. contained approximately $1 million after the Conversion Order was entered, including approximately $500,000 allocated for payment of professional fees. Counsel for the Debtors has provided the budget documentation reflecting the $500,000 allocation from the wind down funds for professional fees.

## The Final Fee Applications[2]

7. The Professionals have filed the Applications, which seek allowance and payment, as detailed below:

| PROFESSIONAL | ROLE | D.I. | PERIOD COVERED | FEES REQUESTED | EXPENSES REQUESTED | UNPAID AMOUNT OUTSTANDING |
|---|---|---|---|---|---|---|
| Groom Law Group, Chartered | Counsel to the Debtors | 1389 | 5/8/22 – 1/21/23 | $268,895.00 | $0 | $1,729.32 |
| Chipman Brown Cicero & Cole, LLP | Counsel to the Debtors | 1393 | 5/8/22 – 4/17/23 | $1,398,655.10 | $3,668.71 | $547,332.04 |
| Barnes & Thornburg LLP | Special Labor Counsel to the Debtors | 1394 | 5/9/22 – 4/17/23 | $186,078.50 | $3,009.26 | $38,298.96 |
| ASK LLP | Special Counsel to the Debtors | 1395 | 11/1/22 – 4/17/23 | $178,059.46 | $48,529.46 | $37,873.14 |
| Cole Schotz P.C. | Counsel to the Committee | 1399 | 5/19/22 – 4/17/23 | $863,771.70 | $2,795.93 | $90,872.47 |

---

[2] The Trustee is separately addressing the motion for administrative expenses of Ryan, LLC (which was filed in the form of a final fee application).

| PROFESSIONAL | ROLE | D.I. | PERIOD COVERED | FEES REQUESTED | EXPENSES REQUESTED | UNPAID AMOUNT OUTSTANDING |
|---|---|---|---|---|---|---|
| Province, LLC | Financial Advisor to the Official Committee | 1400 | 5/20/22 – 4/17/23 | $705,876.00 | $9,999.02 | $28,503.90 |
| Skadden, Arps, Slate, Meagher & Flom LLP | Counsel to the Debtors | 1403 | 5/8/22 – 5/17/23 | $13,116,169.50 | $155,578.59 | $2,481,497.09 |
| | | | TOTAL: | $16,915,866.11 | $228,580.97 | $3,226,106.92 |

**Basis for Limited Objection**

8. The Trustee objects to the Applications to the extent they seek immediate payment from general estate funds for the full amounts stated, over and above any professional fee reserve carveout for Professionals, because there is not current enough funds available in the estates to pay all Professionals in full.

9. The Trustee does not object to the allowance of the amounts stated in the Applications if the Court and the U.S. Trustee are satisfied that the amounts sought as compensation or for reimbursement as expenses meet the applicable standards under the Bankruptcy Code, Bankruptcy Rules, and the Local Rules.

10. The Trustee is working diligently to liquidate the Debtors' assets and recover available funds for the Debtors' estates but cannot at this time pay all of the amounts requested in the Applications in full. Accordingly, he requests the Court not enter any orders that have language requiring immediate payment of all amounts to the chapter 11 estate professionals. Instead, any final fee orders should include language that permits allowance of final fees and recovery from any applicable professional fee reserve carveout but no other amounts from the estates at this time. Instead, the remaining amounts owed to the Professionals should only come

in the form of an asserted chapter 11 administrative expense claim. In addition, the final fee order for any Professional should contain language reserving rights regarding disgorgement. Finally, the approved final fee period should only be through the April 17, 2023 conversion date and no further—any time or expense after the Conversion Order should not be compensable.

## Reservation of Rights

11. The Trustee expressly reserves all rights to supplement this Objection on any and all available substantive and non-substantive grounds that bankruptcy and non-bankruptcy law permits.

## Conclusion

12. Based on the foregoing, the Trustee respectfully requests that the Court only approve the Applications through orders (or an omnibus final fee order) that contain appropriate language consistent with the above, and grant such other relief as is just and proper.

Dated: June 7, 2023

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Peter J. Keane (DE Bar No. 5503)
Edward A. Corma (DE Bar No. 6718)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:     bsandler@pszjlaw.com
           pkeane@pszjlaw.com
           ecorma@pszjlaw.com

*Counsel to Alfred T. Giuliano, Chapter 7 Trustee*