IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ARMSTRONG FLOORING, INC., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 22-10426 (MFW)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 1396**<br><br>**Objection Deadline: June 7, 2023** |

### CHAPTER 7 TRUSTEE'S LIMITED OBJECTION TO
### FINAL FEE APPLICATION OF RYAN, LLC

Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), hereby files this limited objection (the "Limited Objection") to the *Final Fee Application of Ryan, LLC* [Docket No. 1396] (the "Application")[2] filed by Ryan, LLC ("Ryan" or the "Applicant"). In support of the Limited Objection, the Trustee submits as follows:

**Preliminary Statement**

1. Ryan seeks allowed fees for its work as an ordinary course professional in the total amount of $203,360.85, of which $167,911.85 Ryan asserts remains unpaid. The Trustee has identified at least two issues at this time regarding the unpaid amounts.[3]

2. First, the allowance requested in the Application includes a calculation of $140,731.63 for unbilled fees based on Ryan's work to obtain prior tax assessment refunds for the

---

[1] The Debtors in these cases, along with the last four digits of their respective tax identification numbers, are as follows: Armstrong Flooring, Inc. (3305); AFI Licensing LLC (3265); Armstrong Flooring Latin America, Inc. (2943); and Armstrong Flooring Canada Ltd. (N/A).

[2] The Application is titled as a "Final Fee Application" but is instead a motion for allowance and payment of a chapter 11 administrative expense claim. OCP firms do not file final fee applications and are not section 327 estate professionals.

[3] The Trustee reserves the right to supplement this Limited Objection based upon further review and investigation regarding the asserted amounts in the Application.

Debtors. Those refunds have not been received and are not final. Although the Trustee appreciates Ryan providing the information in its Application, the Trustee cannot agree to allow Ryan's compensation based on refunds that have not yet been finally determined.

3. Second, Ryan asserts that a portion of its unpaid fees -- $27,180.22 – is based on three invoices that are attached to its Application (Invoice Nos. 491731, 502501, and 502539). These invoices are for services or billings in May 2022, June 2022, and October 2022 (the invoices are dated in September 2022 and November 2022). The Trustee is still investigating the circumstances regarding those unpaid fees.

4. Finally, based on statements from the Debtors' representatives and the final report filed after conversion to chapter 7, there are more than $22 million in outstanding administrative expense claims asserted against the chapter 7 estates (subject to the Trustee's further review and reconciliation). To the extent Ryan seeks payment from general estate funds, the Trustee cannot agree to pay further non-estate professional chapter 11 administrative claims while those claims are still outstanding and have not been fully reviewed, as to do so would prefer certain creditors over others that are similarly situated. The Trustee understands, however, that Ryan's Agreements with the Debtors provide for Ryan's payment from the refund recoveries.

5. The Trustee reserves all rights to supplement this Limited Objection, conduct discovery into the matters raised by the Application, and present evidence at any hearing on the Application.

**Background**

6. On May 8, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

7. Ryan provided property tax and transaction tax advisory and consulting services to the Debtors during the chapter 11 cases as an ordinary course professional.

8. On June 1, 2022, this Court entered an order authorizing the Debtors to employ and compensate certain professionals in the ordinary course of business during the pendency of the chapter 11 cases [Docket No. 252] (the "OCP Order").

9. Pursuant to the OCP Order, on June 24, 2022, Ryan filed a Declaration of Disinterestedness [Docket No. 432]. On August 25, 2022, Ryan filed an Amended Declaration of Disinterestedness [Docket No. 740].

10. On April 17, 2023, the Court entered the *Order Converting Debtors' Chapter 11 Cases to Cases under Chapter 7 of the Bankruptcy Code* [Docket No. 1352], and Alfred T. Giuliano was appointed as the chapter 7 trustee [Docket No. 1355].

11. On May 18, 2023, the Trustee conducted the section 341 meeting of creditors [Docket No. 1368].

12. As an OCP firm, the Trustee understands that Ryan's recovery for unpaid fees and expenses would normally come from general estate funds rather than any professional fee escrow or carveout for estate professionals pursuant to DIP financing or lender-provided cash collateral. However, based on information reviewed to date, the Trustee understands that, pursuant to the prepetition engagement Agreements between the Debtors and Ryan, Ryan is paid through a percentage recovery of the tax refund assessment savings that are remitted to the Debtors from taxing authorities.

**Asserted Amounts in the Application**

13. The Application seeks allowance and payment of $198,360.85 in compensation and $5,000.00 in expense reimbursement, for a total of $203,360.85 as an

administrative expense claim for services rendered by Ryan. Ryan states that $167,911.85 of this amount remains unpaid. Application ¶ 17.

14. As part of the requested allowance, Ryan calculates that it is owed $140,731.63 for unbilled fees based on work to obtain prior tax assessment refunds. Application ¶ 24. These refunds have not come in yet and are not final. Application ¶ 27 ("Because the Refunds have not yet been issued, Ryan has not yet billed the Debtors for these Services.").

**Basis for Limited Objection**

A.  **Administrative expense standard**

15. Because section 503 administrative expense claims are afforded priority pursuant to section 507(a)(1) of the Bankruptcy Code, allowance of such claims is narrowly construed. *In re Unidigital, Inc.*, 262 B.R. 283, 288 (Bankr. D. Del. 2001); *In re Molnar Bros.*, 200 B.R. 555, 558 (Bankr. D.N.J. 1996). The burden of proving an entitlement to an administrative expense claim is on the claimant. *In re O'Brien Envtl. Energy, Inc.*, 181 F.3d 527, 533 (3d Cir. 1999); *see also In re Women First Healthcare, Inc.*, 332 B.R. 115, 121 (Bankr. D. Del. 2005) ("The claimant bears the burden of proving its actions conferred a benefit upon the estate.").

16. Importantly, because claimants bear the burden of establishing entitlement to administrative priority, courts carefully scrutinize requests for administrative expenses to prevent certain creditors from receiving an unfair advantage over other similarly situated creditors. *See In re Bernard Techs., Inc.*, 342 B.R. 174, 177 (Bankr. D. Del. 2006) ("The applicant must prove his entitlement to the requested compensation and expense reimbursement by a preponderance of the evidence."). As such, an applicant seeking compensation or reimbursement under section 503(b)(1)(A) of the Bankruptcy Code carries a "heavy burden of demonstrating that the costs and fees for which it seeks payment provided an actual benefit to the estate and that such

costs and expenses were necessary to preserve the value of the estate assets." *Id.* (quoting *O'Brien Envtl. Energy, Inc.*, 181 F.3d at 532–33).

17. Bankruptcy courts apply a two-part test in determining whether a creditor has an administrative claim under section 503(b)(1)(A) of the Bankruptcy Code. The claimed expenses must: (i) arise out of a postpetition transaction with the debtor (or trustee); and (ii) directly and substantially benefit the estate. *In re Mid-American Waste Sys., Inc.*, 228 B.R. 816, 821 (Bankr. D. Del. 1999); *Unidigital, Inc.*, 262 B.R. at 288; *see also In re Pinnacle Brands, Inc.*, 259 B.R. 46, 51 (Bankr. D. Del. 2001) ("[T]he expense must have arisen from a post-petition transaction between the creditor and the trustee and the transaction must have substantially benefitted the estate.").

18. Section 726 of the Bankruptcy Code provides that chapter 7 administrative expenses are entitled to payment before chapter 11 administrative expenses. 11 U.S.C. § 726(b); *see also Ross v. Kanaga (In re Darmstadt Corp.)*, 164 B.R. 465, 468 (D. Del. 1994); *In re Phila. Newspapers, LLC*, 433 B.R. 164, 168 n.5 (Bankr. E.D. Pa. 2010). Thus, in a case that converts from chapter 11 to chapter 7, a claimant is not automatically entitled to immediate payment of a chapter 11 administrative expense post-conversion. *See, e.g.*, *In re Tel-Central Comms.*, 212 B.R. 342, 348–49 (Bankr. W.D. Mo. 1997).

**B.     Ryan has not met its burden for entitlement to the requested allowance based on refunds that have not yet issued. The Trustee, however, will agree to remit payment to Ryan solely from the refunds once received.**

19. The Trustee cannot agree to the requested allowance because it includes amounts based on refunds that have not yet been received by the Trustee and for which the applicable taxing authorities have not yet remitted payment. Application ¶27. Accordingly, the Trustee objects to the requested allowance and requests that the Application be deferred to a later date until the refunds are finally remitted and the money is received by the Trustee, or only an

interim order should be entered regarding the unpaid amounts that the Trustee agrees can be paid based on prior invoices and work actually approved by the Debtors.

20. In addition, to the extent Ryan seeks payment for its fees and expenses solely through a percentage of the pending refunds that will be received based upon the applicable Agreements between the Debtors and Ryan, the Trustee has no objection to payment from the refunds. As mentioned above, however, to the extent Ryan seeks recovery from general estate funds, the Trustee cannot pay Ryan out of general estate funds without preferring Ryan over other non-estate professional chapter 11 administrative creditors with similar claims.

21. Furthermore, as noted above, Ryan asserts that a portion of its unpaid fees -- $27,180.22 – is based on three invoices that are attached to its Application (Invoice Nos. 491731, 502501, and 502539). These invoices are for services or billings in May 2022, June 2022, and October 2022 (the invoices are dated in September 2022 and November 2022). The Trustee is still investigating the circumstances regarding those unpaid fees, why the fees were not previously paid to Ryan, and if any refunds were distributed to another party with rights to the refunds instead of the Debtors, such as one of the Debtors' lenders. In addition, among other potential issues, the Trustee has been informed that the Debtors' representatives instructed Ryan to cease work and go "pencils down" in September 2022 for further work associated with the California Sales and Use Tax audit, which appears to be the referenced audit refund ($74,560.02) listed in Invoice No. 502539, and it's unclear at this time if the estate ever received that refund.[4]

---

[4] In particular, Invoice No. 502539 references a California Sales and Use Tax audit refund ($74,560.02) which is the basis for Ryan's 25% fee in that invoice in the amount of $18,640.01.

**Reservation of Rights**

22.     The Trustee expressly reserves all rights to supplement this Limited Objection on any and all available substantive and non-substantive grounds that bankruptcy and non-bankruptcy law may permit, to conduct discovery into the matters raised by the Application, and to present evidence at any hearing on the Application.

**Conclusion**

23.     Based on the foregoing, the Trustee respectfully requests that the Court only grant the Application an interim basis for the unpaid amounts that the Trustee agrees can be paid based on prior invoices and work actually approved by the Debtors, with a final order to be submitted later by agreement of the parties following the Trustee's actual receipt of the applicable refunds from the taxing authorities so that the actual fees due to Ryan can be calculated on a final basis, and grant such other relief as is just and proper.

Dated:  June 7, 2023

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email:    bsandler@pszjlaw.com
              pkeane@pszjlaw.com

*Counsel to Alfred T. Giuliano, Chapter 7 Trustee*