**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| ARMSTRONG FLOORING, INC., *et al.*,[1] | Case No. 22-10426 (MFW) |
| Debtor. | **Re: Docket Nos. 1389, 1393, 1394, 1395, 1399, 1400, 1403, and 1421** |

**AMENDED CERTIFICATION OF COUNSEL REGARDING OMNIBUS ORDER
AWARDING FINAL ALLOWANCE OF COMPENSATION
FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF
EXPENSES OF VARIOUS PROFESSIONALS**

The undersigned hereby certifies as follows:

1.      On May 8, 2022 (the "Petition Date"), the above-captioned debtors (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court, thereby commencing the Debtors' cases (the "Cases").

2.      On April 17, 2023, the Court entered an order converting the Cases to cases under chapter 7 of the Bankruptcy Code (the "Conversion Order") [Docket No. 1352].  On the same date, Alfred T. Giuliano (the "Trustee") was appointed as the chapter 7 trustee of the Debtors' estates [Docket No. 1355].

3.      Pursuant to the Conversion Order, various chapter 11 estate professionals (the "Professionals") filed final fee applications [Docket Nos. 1389, 1393, 1394, 1395, 1399, 1400, 1403] (the "Applications").  Objections or responses to the Applications were due by June 7, 2023.

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows:  Armstrong Flooring, Inc. (3305); AFI Licensing LLC (3265); Armstrong Flooring Latin America, Inc. (2943); and Armstrong Flooring Canada Ltd. (N/A).

4.       On June 7, 2023, the Trustee filed the *Chapter 7 Trustee's Omnibus Limited Objection to Final Fee Applications of Chapter 11 Estate Professionals* [Docket No. 1421].

5.       The Trustee has engaged in discussions with the Professionals regarding the Applications and has reached a resolution over the terms of a proposed final fee order approving the Applications (the "Proposed Final Fee Order").[2]

6.       The Proposed Final Fee Order has been circulated to the Professionals, and none of the Professionals objects to entry of the Proposed Final Fee Order.

7.       Attached as **Exhibit 1** hereto is an amended version of the Proposed Final Fee Order.  Following the filing of the original certification of counsel (the "Original COC") [Docket No. 1432], Chipman Brown Cicero & Cole, LLP indicated that there was a mathematical error in the calculation of its fees on its final fee application.

8.       Attached hereto as **Exhibit 2** is a blackline reflecting edits to the original Proposed Final Fee Order filed with the Original COC.

9.       Based on the foregoing, the Trustee respectfully requests entry of the amended Proposed Final Fee Order at the Court's earliest convenience.

---

[2] The Proposed Final Fee Order does not include the motion for administrative expenses of Ryan, LLC (which was filed in the form of a final fee application) [Docket No. 1396]. The Trustee filed a limited objection to that motion and will address that separately.

2

Dated:  June 20, 2023                    PACHULSKI STANG ZIEHL & JONES LLP

                                          */s/ Peter J. Keane*
                                          Bradford J. Sandler (DE Bar No. 4142)
                                          Peter J. Keane (DE Bar No. 5503)
                                          Edward A. Corma (DE Bar No. 6718)
                                          919 N. Market Street, 17th Floor
                                          P.O. Box 8705
                                          Wilmington, DE 19899 (Courier 19801)
                                          Telephone:  (302) 652-4100
                                          Facsimile:   (302) 652-4400
                                          Email:      bsandler@pszjlaw.com
                                                      pkeane@pszjlaw.com
                                                      ecorma@pszjlaw.com

                                          *Counsel to Alfred T. Giuliano, Chapter 7 Trustee*

DOCS_DE:243402.2 31272/001

# EXHIBIT 1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| ARMSTRONG FLOORING, INC., *et al.*,[1] | Case No. 22-10426 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket Nos. 1389, 1393, 1394, 1395, 1399, 1400, 1403, 1421** |

**OMNIBUS ORDER AWARDING FINAL ALLOWANCE OF COMPENSATION
FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF
<u>EXPENSES OF VARIOUS PROFESSIONALS</u>**

Upon consideration of the final applications of estate professionals (the "**Professionals**") retained by the above-captioned chapter 11 debtors and debtors in possession (the "**Debtors**") and the Official Committee of Unsecured Creditors, as identified on the attached <u>Exhibit A</u>, for allowance of final compensation and reimbursement of expenses for the periods set forth on <u>Exhibit A</u> (collectively, the "**Final Fee Applications**"); and upon consideration of the Chapter 7 Trustee's Omnibus Limited Objection to Final Fee Applications of Chapter 11 Professionals [D.I. 1421]; and it appearing to the Court that all of the requirements of sections 327, 328, 330, 331 and 503(b) of title 11 of the United States Code, as well as Rule 2016 of the Federal Rules of Bankruptcy Procedure and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, have been satisfied; and it further appearing that the expenses incurred were reasonable and necessary; and that notices of the Final Fee Applications and any supplements to such Final Fee Applications were appropriate; and after due deliberation and sufficient good cause appearing therefore; it is hereby:

---

1    The Debtors in these cases, along with the last four digits of their respective tax identification numbers, are as follows:  Armstrong Flooring, Inc. (3305); AFI Licensing LLC (3265); Armstrong Flooring Latin America, Inc. (2943); and Armstrong Flooring Canada Ltd. (N/A).

ORDERED, that allowance of the Final Fee Applications is hereby APPROVED in the amounts set forth on Exhibit A attached hereto, on a final basis; and it is further

ORDERED, that the Professionals are granted allowance of compensation in the amounts set forth on Exhibit A attached hereto, on a final basis; and it is further

ORDERED, that the Professionals are granted reimbursement of expenses in the amounts set forth on Exhibit A attached hereto, on a final basis; and it is further

ORDERED, that the Professionals shall be authorized to be paid on account of such fees and expenses, in accordance with the *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503 and507(I) Authorizing the Debtors to Obtain Senior Secured Superpriority Postpetition Financing; (II) Granting (A) Liens and Superpriority Administrative Expense Claims and (B) Adequate Protection To Certain Prepetition Lenders; (III) Authorizing Use of Cash Collateral; (IV)Modifying the Automatic Stay; (V) Scheduling A Final Hearing; and (VI)Granting Related Relief* [Docket No. 311] (the "**Final DIP Order**") and the *Supplemental Order to Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503 and507(I) Authorizing the Debtors to Obtain Senior Secured Superpriority Postpetition Financing; (II) Granting (A) Liens and Superpriority Administrative Expense Claims and (B) Adequate Protection To Certain Prepetition Lenders; (III) Authorizing Use of Cash Collateral; (IV)Modifying the Automatic Stay; (V) Scheduling A Final Hearing; and (VI)Granting Related Relief* [Docket No. 581] (the "**Supplemental Final DIP Order**") solely at this time from the Professional Fee Reserve (as defined in the Final DIP Oder) and allocated amounts from the Wind-Down Budget funds pursuant to the Final DIP Order and the Supplemental Final DIP Order (totaling $823,175.24 in the aggregate) (together the "**Professional Fee Carveout**"), together with any funds remaining

from prepetition retainers and, in the case of ASK LLP, from avoidance action settlement funds currently held; and it is further

ORDERED that each of the Professionals shall provide payment instructions to the Trustee (which payment may be in the form of a check or wire transfer, in the Trustee's discretion) and an agreed allocation among the Professionals for payment of outstanding fees and expenses approved by this Order from the Professional Fee Carveout amount, within fourteen (14) days from the date of this Order; and it is further

ORDERED, that in the event application of the Professional Fee Carveout and other funds identified above to the Professionals is insufficient to satisfy the allowed amount of fees and expenses awarded to each such Professional in accordance with this Order, no estate funds may be disbursed or used to pay at this time any of the remaining unpaid fees and expenses approved by this Order absent further order of this Court; provided however, any distributions to holders of allowed administrative creditors shall include any Professional who has a deficiency and such Professional shall be entitled to receive payment of its pro rata share of such distribution; and it is further

ORDERED, that, after application of such Professional's agreed portion of the Professional Fee Carveout and retainer funds, if any, the unpaid portion of each Professional's approved Final Fee Application fees and expenses shall constitute an allowed Chapter 11 administrative expense claim, and each Professional need not file a proof of claim for such unpaid outstanding fees and expenses, provided, however, that each Professional shall email counsel to the Trustee the final unpaid amount of its outstanding fees and expenses within thirty (30) days of this Order; and it is further

3

ORDERED, that this Order shall be deemed a separate order for each of the Professionals, and the appeal of any order with respect to any of the Professionals shall have no effect on the authorized fees and expenses of any of the other Professionals; and it is further

ORDERED, that the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

4

**EXHIBIT A**

| PROFESSIONAL | ROLE | D.I. | PERIOD COVERED | FEES REQUESTED | EXPENSES REQUESTED | UNPAID AMOUNT OUTSTANDING |
|---|---|---|---|---|---|---|
| Groom Law Group, Chartered | Counsel to the Debtors | 1389 | 5/8/22 – 1/21/23 | $268,895.00 | $0 | $1,729.32 |
| Chipman Brown Cicero & Cole, LLP | Counsel to the Debtors | 1393 | 5/8/22 – 4/17/23 | $1,398,655.10 | $3,668.71 | $489,454.05 |
| Barnes & Thornburg LLP | Special Labor Counsel to the Debtors | 1394 | 5/9/22 – 4/17/23 | $186,078.50 | $3,009.26 | $38,298.96 |
| ASK LLP | Special Counsel to the Debtors | 1395 | 11/1/22 – 4/17/23 | $178,059.46 | $48,529.46 | $37,873.14 |
| Cole Schotz P.C. | Counsel to the Committee | 1399 | 5/19/22 – 4/17/23 | $863,771.70 | $2,795.93 | $90,872.47 |
| Province, LLC | Financial Advisor to the Official Committee | 1400 | 5/20/22 – 4/17/23 | $705,876.00 | $9,999.02 | $28,503.90 |
| Skadden, Arps, Slate, Meagher & Flom LLP | Counsel to the Debtors | 1403 | 5/8/22 – 5/17/23 | $13,116,169.50 | $155,578.59 | $2,481,497.09 |
| | | | **TOTAL:** | **$16,915,866.11** | **$228,580.97** | **$3,168,228.93** |

# EXHIBIT 2

DOCS_DE:243402.2 31272/001

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| ARMSTRONG FLOORING, INC., *et al.*,[1] | Case No. 22-10426 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket Nos. 1389, 1393, 1394, 1395, 1399, 1400, 1403, 1421** |

**OMNIBUS ORDER AWARDING FINAL ALLOWANCE OF COMPENSATION**
**FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF**
**EXPENSES OF VARIOUS PROFESSIONALS**

Upon consideration of the final applications of estate professionals (the "**Professionals**")

retained by the above-captioned chapter 11 debtors and debtors in possession (the "**Debtors**")

and the Official Committee of Unsecured Creditors, as identified on the attached Exhibit A, for

allowance of final compensation and reimbursement of expenses for the periods set forth on

Exhibit A (collectively, the "**Final Fee Applications**"); and upon consideration of the Chapter 7

Trustee's Omnibus Limited Objection to Final Fee Applications of Chapter 11 Professionals

[D.I. 1421]; and it appearing to the Court that all of the requirements of sections 327, 328, 330,

331 and 503(b) of title 11 of the United States Code, as well as Rule 2016 of the Federal Rules

of Bankruptcy Procedure and Rule 2016-2 of the Local Rules of Bankruptcy Practice and

Procedure for the United States Bankruptcy Court for the District of Delaware, have been

satisfied; and it further appearing that the expenses incurred were reasonable and necessary; and

that notices of the Final Fee Applications and any supplements to such Final Fee Applications

---

[1]    The Debtors in these cases, along with the last four digits of their respective tax identification numbers, are as follows:  Armstrong Flooring, Inc. (3305); AFI Licensing LLC (3265); Armstrong Flooring Latin America, Inc. (2943); and Armstrong Flooring Canada Ltd. (N/A).

were appropriate; and after due deliberation and sufficient good cause appearing therefore; it is hereby:

ORDERED, that allowance of the Final Fee Applications is hereby APPROVED in the amounts set forth on Exhibit A attached hereto, on a final basis; and it is further

ORDERED, that the Professionals are granted allowance of compensation in the amounts set forth on Exhibit A attached hereto, on a final basis; and it is further

ORDERED, that the Professionals are granted reimbursement of expenses in the amounts set forth on Exhibit A attached hereto, on a final basis; and it is further

ORDERED, that the Professionals shall be authorized to be paid on account of such fees and expenses, in accordance with the *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503 and 507(I) Authorizing the Debtors to Obtain Senior Secured Superpriority Postpetition Financing; (II) Granting (A) Liens and Superpriority Administrative Expense Claims and (B) Adequate Protection To Certain Prepetition Lenders; (III) Authorizing Use of Cash Collateral; (IV)Modifying the Automatic Stay; (V) Scheduling A Final Hearing; and (VI)Granting Related Relief* [Docket No. 311] (the "**Final DIP Order**") and the *Supplemental Order to Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503 and 507(I) Authorizing the Debtors to Obtain Senior Secured Superpriority Postpetition Financing; (II) Granting (A) Liens and Superpriority Administrative Expense Claims and (B) Adequate Protection To Certain Prepetition Lenders; (III) Authorizing Use of Cash Collateral; (IV)Modifying the Automatic Stay; (V) Scheduling A Final Hearing; and (VI)Granting Related Relief* [Docket No. 581] (the "**Supplemental Final DIP Order**") solely at this time from the Professional Fee Reserve (as defined in the Final DIP Oder) and allocated amounts from the Wind-Down Budget funds pursuant to the Final DIP Order and the Supplemental Final DIP Order (totaling $823,175.24 in

2

the aggregate) (together the "**Professional Fee Carveout**"), together with any funds remaining from prepetition retainers and, in the case of ASK LLP, from avoidance action settlement funds currently held; and it is further

ORDERED that each of the Professionals shall provide payment instructions to the Trustee (which payment may be in the form of a check or wire transfer, in the Trustee's discretion) and an agreed allocation among the Professionals for payment of outstanding fees and expenses approved by this Order from the Professional Fee Carveout amount, within fourteen (14) days from the date of this Order; and it is further

ORDERED, that in the event application of the Professional Fee Carveout and other funds identified above to the Professionals is insufficient to satisfy the allowed amount of fees and expenses awarded to each such Professional in accordance with this Order, no estate funds may be disbursed or used to pay at this time any of the remaining unpaid fees and expenses approved by this Order absent further order of this Court; provided however, any distributions to holders of allowed administrative creditors shall include any Professional who has a deficiency and such Professional shall be entitled to receive payment of its pro rata share of such distribution; and it is further

ORDERED, that, after application of such Professional's agreed portion of the Professional Fee Carveout and retainer funds, if any, the unpaid portion of each Professional's approved Final Fee Application fees and expenses shall constitute an allowed Chapter 11 administrative expense claim, and each Professional need not file a proof of claim for such unpaid outstanding fees and expenses, provided, however, that each Professional shall email counsel to the Trustee the final unpaid amount of its outstanding fees and expenses within thirty (30) days of this Order; and it is further

ORDERED, that this Order shall be deemed a separate order for each of the Professionals, and the appeal of any order with respect to any of the Professionals shall have no effect on the authorized fees and expenses of any of the other Professionals; and it is further

ORDERED, that the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

DOCS_DE:243324.2 31272/001243324.3 31272/001

**EXHIBIT A**

| PROFESSIONAL | ROLE | D.I. | PERIOD COVERED | FEES REQUESTED | EXPENSES REQUESTED | UNPAID AMOUNT OUTSTANDING |
|---|---|---|---|---|---|---|
| Groom Law Group, Chartered | Counsel to the Debtors | 1389 | 5/8/22 – 1/21/23 | $268,895.00 | $0 | $1,729.32 |
| Chipman Brown Cicero & Cole, LLP | Counsel to the Debtors | 1393 | 5/8/22 – 4/17/23 | $1,398,655.10 | $3,668.71 | ~~$547,332.04~~$489,454.05 |
| Barnes & Thornburg LLP | Special Labor Counsel to the Debtors | 1394 | 5/9/22 – 4/17/23 | $186,078.50 | $3,009.26 | $38,298.96 |
| ASK LLP | Special Counsel to the Debtors | 1395 | 11/1/22 – 4/17/23 | $178,059.46 | $48,529.46 | $37,873.14 |
| Cole Schotz P.C. | Counsel to the Committee | 1399 | 5/19/22 – 4/17/23 | $863,771.70 | $2,795.93 | $90,872.47 |
| Province, LLC | Financial Advisor to the Official Committee | 1400 | 5/20/22 – 4/17/23 | $705,876.00 | $9,999.02 | $28,503.90 |
| Skadden, Arps, Slate, Meagher & Flom LLP | Counsel to the Debtors | 1403 | 5/8/22 – 5/17/23 | $13,116,169.50 | $155,578.59 | $2,481,497.09 |
| | **TOTAL:** | | | **$16,915,866.11** | **$228,580.97** | ~~**$3,226,106.92**~~ **$3,168,228.93** |

Document comparison by Workshare Compare on Monday, June 19, 2023 4:53:51 PM

| Input: | |
|---|---|
| Document 1 ID | PowerDocs://DOCS_DE/243324/2 |
| Description | DOCS_DE-#243324-v2-Armstrong_Flooring_-_Omnibus_ Final_Fee_Order_(Chapter_11_Professionals) |
| Document 2 ID | PowerDocs://DOCS_DE/243324/3 |
| Description | DOCS_DE-#243324-v3-Armstrong_Flooring_-_Omnibus_ Final_Fee_Order_(Chapter_11_Professionals) |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|

|  | Count |
|---|---|
| Insertions | 6 |
| Deletions | 6 |
| Moved from | 0 |
| Moved to | 0 |
| Style changes | 0 |
| Format changes | 0 |
| Total changes | 12 |