## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ARMSTRONG FLOORING, INC., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 22-10426 (MFW) |

### CERTIFICATION OF COUNSEL REGARDING ORDER APPROVING STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND BRENT HILL REGARDING RELIEF FROM AUTOMATIC STAY TO PURSUE INSURANCE PROCEEDS

The undersigned hereby certifies that:

1. On May 8, 2022 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court, thereby commencing the Debtors' cases (the "Cases").

2. On April 17, 2023, the Court entered an order converting the Cases to cases under chapter 7 of the Bankruptcy Code [Docket No. 1352]. On the same date, Alfred T. Giuliano (the "Trustee") was appointed as the chapter 7 trustee [Docket No. 1355].

3. On December 9, 2022, Brent Hill (the "Movant"), along with other plaintiffs (collectively, the "Plaintiffs") filed an action in the Superior Court for the State of Arizona, Case No. CV2022-016284 (the "Lawsuit"), for alleged damages in connection with flooring products manufactured by the Debtors. The Lawsuit is captioned *Brent and Angela Hill et al. v. Armstrong Flooring, Inc., a Delaware Corporation*.

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their respective tax identification numbers, are as follows: Armstrong Flooring, Inc. (3305); AFI Licensing LLC (3265); Armstrong Flooring Latin America, Inc. (2943); and Armstrong Flooring Canada Ltd. (N/A).

DOCS_DE:243457.1 31272/001

4.      On June 5, 2023, the Movant filed a Motion for Relief from the Automatic Stay [Docket No. 1419] (the "Motion"), seeking relief from the automatic stay to prosecute the Lawsuit for the limited purpose of pursuing the Debtors' liability insurance.

5.      The Trustee and the Movant (together, the "Parties") have discussed a modification of the automatic stay to permit the Plaintiffs to pursue insurance proceeds only.

6.      Attached hereto as **Exhibit A** is a proposed order (the "Proposed Order") approving a stipulation between the Trustee and the Movant (the "Stipulation").  A copy of the Stipulation is attached as Exhibit 1 to the Proposed Order.

7.      Accordingly, the Trustee requests the Court's approval of the Stipulation and entry of the Proposed Order at the Court's earliest convenience.

Dated:  June 28, 2023                    PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:     bsandler@pszjlaw.com
           pkeane@pszjlaw.com

*Counsel to Alfred T. Giuliano, Chapter 7 Trustee*

**Exhibit A**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ARMSTRONG FLOORING, INC., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 22-10426 (MFW) |

## ORDER APPROVING STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND BRENT HILL REGARDING RELIEF FROM AUTOMATIC STAY TO PURSUE INSURANCE PROCEEDS

Upon consideration of the *Stipulation Between Chapter 7 Trustee and Brent Hill Regarding Relief from Automatic Stay to Pursue Insurance Proceeds* (the "Stipulation"),[2] attached hereto as **Exhibit 1**, by and among Alfred T. Giuliano, chapter 7 trustee (the "Trustee") for the estates of the above-captioned debtors (the "Debtors") and Brent Hill (the "Movant," and together with the Trustee, the "Parties"); and this Court having reviewed the Stipulation; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Stipulation is approved.

2. The Parties are authorized to take all actions necessary to effectuate the relief granted in this Order and to consummate the Stipulation.

3. The terms and provisions of the Stipulation shall be immediately effective and enforceable upon entry of this Order.

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their respective tax identification numbers, are as follows: Armstrong Flooring, Inc. (3305); AFI Licensing LLC (3265); Armstrong Flooring Latin America, Inc. (2943); and Armstrong Flooring Canada Ltd. (N/A).

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Stipulation.

2

4. This Court shall retain jurisdiction over all matters arising from or related to the implementation or interpretation of this Order and the Stipulation.

**<u>Exhibit 1</u>**

**Stipulation**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ARMSTRONG FLOORING, INC., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 22-10426 (MFW) |

**STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND BRENT HILL REGARDING RELIEF FROM AUTOMATIC STAY TO PURSUE INSURANCE PROCEEDS**

This Stipulation (the "Stipulation") is entered into by and between Alfred T. Giuliano, in his capacity as chapter 7 trustee (the "Trustee") of the above-captioned debtors (collectively, the "Debtors") and Brent Hill (the "Movant") to modify the automatic stay for the limited purpose of pursuing recovery of insurance proceeds only in the lawsuit described herein.

IT IS HEREBY STIPULATED by all parties to the above-captioned matter as follows:

WHEREAS, on May 8, 2022 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"), thereby commencing the Debtors' cases (the "Cases");

WHEREAS, on April 17, 2023, the Court entered an order converting the Cases to cases under chapter 7 of the Bankruptcy Code [Docket No. 1352];

WHEREAS, on the same date, Alfred T. Giuliano (the "Trustee") was appointed as the chapter 7 trustee [Docket No. 1355];

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their respective tax identification numbers, are as follows: Armstrong Flooring, Inc. (3305); AFI Licensing LLC (3265); Armstrong Flooring Latin America, Inc. (2943); and Armstrong Flooring Canada Ltd. (N/A).

2

WHEREAS, on December 9, 2022, the Movant, along with other plaintiffs (collectively, the "Plaintiffs") filed an action in the Superior Court for the State of Arizona, Case No. CV2022-016284 (the "Lawsuit"), for alleged damages in connection with flooring products manufactured by the Debtors, captioned *Brent and Angela Hill et al. v. Armstrong Flooring, Inc., a Delaware Corporation*;

WHEREAS, on June 5, 2023, the Movant filed a Motion for Relief from the Automatic Stay [Docket No. 1419] (the "Motion"), seeking relief from the automatic stay to prosecute the Lawsuit for the limited purpose of pursuing the Debtors' liability insurance;

NOW, THEREFORE, the parties agree, subject to approval of the Court, as follows:

1. The foregoing recitals are hereby incorporated by reference into this Stipulation with the same force and effect as if set forth fully hereinafter.

2. The automatic stay under 11 U.S.C. § 362 is modified to permit the Plaintiffs to continue the Lawsuit solely for the purpose of pursuing, litigating, and collecting from applicable insurance policies, if any, and not against the Trustee, the Debtors, or their estates.

3. The Plaintiffs agree and acknowledge that: (1) any recovery arising from the Lawsuit with respect to the Debtors or their estates is limited to funds made available from applicable insurance policies, if any, and not from the Debtors or their estates; (2) to the extent that applicable insurance policies, if any, do not satisfy any judgment or settlement from the Lawsuit, for any reason, neither the Trustee, the Debtors, their estates, nor any of their successors shall satisfy nor be liable for any such unsatisfied portion, which might otherwise be considered a general unsecured claim in these chapter 7 cases, and the Plaintiffs shall not seek to collect on any such unsatisfied portion from the Trustee, the Debtors, their estates, or any of their successors; and

(3) the Plaintiffs agree to hold the Trustee, the Debtors, and their estates harmless with respect to any claim that may be asserted by any insurance carrier on account of any deductible or self-insured retention that must be satisfied prior to the payment to the Plaintiffs of any judgment or settlement by setting off any recovery by the amount of any such deductible or self-insured retention.

4. The Plaintiffs agree that any proof of claim filed by the Plaintiffs or scheduled in favor of the Plaintiffs in connection with the Lawsuit against the Debtors, their estates, or their successors in these chapter 7 cases, if any, are, by entry of this Stipulation, deemed disallowed and reflected as such on the Court's official claims register.

5. Nothing in this Stipulation: (i) alters, modifies, or otherwise amends the terms and conditions of, or the coverage provided by, any insurance policies issued at any time to any of the Debtors, their affiliates, or predecessors of any of the foregoing, or of any agreements related thereto; (ii) alters or modifies the duty, if any, that any applicable insurer or third party administrator has to pay claims covered by any alleged applicable insurance policy; (iii) creates or permits a direct right of action by the Plaintiffs against any insurers; or (iv) precludes or limits, in any way, the rights of any insurer to contest or litigate the existence, primacy, or scope of available coverage under any allegedly applicable insurance policy.

6. The parties shall cooperate with one another to seek the Court's approval of this Stipulation, which shall be effective upon the Court's entry of an order approving this Stipulation.

7. By entering into this Stipulation, neither party is waiving, nor will be deemed to have waived, any available claims or defenses, including at law, equity, or otherwise with respect to the Lawsuit, except as otherwise provided in this Stipulation.

8. Neither the Stipulation nor any negotiations and writings in connection with this Stipulation will in any way be construed as or deemed to be evidence of an admission on behalf of any party regarding any claim or right that such party may have against the other party.

9. Each of the parties hereto represents and warrants that they are duly authorized to enter into and be bound by this Stipulation.

10. This Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which will be deemed an original, but all of which together will constitute one instrument.

11. The terms and conditions of this Stipulation shall be immediately effective and enforceable upon its entry.

12. The Court retains exclusive jurisdiction to resolve any dispute arising from or related to the interpretation or enforcement of this Stipulation.

ACCEPTED AND AGREED TO:

Dated: June 28, 2023                         PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:      bsandler@pszjlaw.com
            pkeane@pszjlaw.com

**Counsel to Alfred T. Giuliano, Chapter 7 Trustee**

4

| | |
|---|---|
| Dated:  June 28, 2023 | POOLE, MENSINGER, CUTRONA, & ELLSWORTH-AULTS |
| | */s/ Tiffany A. Poole* |
| | Tiffany A. Poole (DE Bar No. 3860) <br> 2710 Centerville Rd., Suite 101 <br> Wilmington, DE 19808 <br> Telephone:  (302) 428-0100 <br> Email:  Tpoole@pmcelaw.com |
| | *Counsel to Brent Hill* |

5