# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| ARMSTRONG FLOORING, INC., *et al.*[1] | Case No. 22-10426 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I.** 1396 |

## AGREED ORDER GRANTING APPLICATION OF RYAN, LLC

Upon consideration of the Final Fee Application of Ryan, LLC ("Ryan") (the "Application"), for allowance of compensation for services rendered and reimbursement of expenses incurred as tax consultant to the debtors and debtors in possession in the above-captioned chapter 7 case (collectively, the "Debtors") for the period from September 21, 2022, through April 26, 2023 (the "Application Period"); and all applicable requirements of the Bankruptcy Code and the Bankruptcy Rules having been satisfied; and sufficient notice of the Application having been provided and no other or further notice being required; and the Court having read and considered the Application, and no objections having been filed to the Application; and for good cause shown; and after due deliberation thereon and good and sufficient notice appearing therefor,

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their respective tax identification numbers, are as follows: Armstrong Flooring, Inc. (3305); AFI Licensing LLC (3265); Armstrong Flooring Latin America, Inc. (2943); and Armstrong Flooring Canada Ltd. (N/A). These cases were converted from chapter 11 to chapter 7 on April 17, 2023 [ECF No. 1352].

**IT IS HEREBY ORDERED THAT**:

1. The Application is approved, as set forth in this Order.

2. <u>Unpaid Fees</u>.  Ryan shall have an allowed chapter 11 administrative expense claim in the amount of $27,180.22 as reflected on Ryan's Invoice Nos. 491731, 502501, and 502425 (the "<u>Unpaid Fees Admin Claim</u>").   The Unpaid Fees Admin Claim shall receive a distribution as and when other similarly-situated chapter 11 administrative expense claims receive a distribution, in accordance with the priorities of the Bankruptcy Code; provided, however, that the portion of the Unpaid Fees Admin Claim representing Ryan's California sales and use tax review services rendered to Armstrong Flooring, Inc., which is expected to be $18,640.01 (the "<u>CA Fee Portion</u>"), representing a 25% fee of the anticipated savings of $74,560.02 from the California taxing authority, and is that portion under the applicable engagement agreements that is subject to an assignment in favor of Ryan, shall be paid by the Trustee within fourteen (14) days of receipt of confirmation of the anticipated savings from the California taxing authority (subject to any adjustment based on the actual amount received by the Trustee).

3. Unpaid Fees for Refunds.  Upon receipt of the remaining refunds listed in the Application of $146,013.37 and $139,742.76 (the "<u>Refunds</u>"), the Trustee is authorized and directed to pay Ryan out of the Refunds the total amount of $114,302.45 for Ryan's completed work but unbilled Services rendered to the Debtors, representing a 40% fee for such Services related to the Refunds (subject to any adjustment based on the actual amount received by the Trustee), within fourteen (14) days of receipt of such Refunds.

4. The Court shall retain exclusive jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

5. This Order shall be effective immediately upon entry.

Dated: August 15th, 2023
Wilmington, Delaware

MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE