IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| In re: | Chapter 7 |
|---|---|
| ARMSTRONG FLOORING, INC., *et al.*,[1] | Case No. 22-10426 (MFW) |
| Debtors. | |

**NOTICE OF DEADLINES TO FILE REQUESTS FOR PAYMENT OF
CERTAIN ADMINISTRATIVE EXPENSE CLAIMS PURSUANT TO 11 U.S.C. § 503(b)**

TO:   ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY
       OF THE ESTATES OF THE FOLLOWING CHAPTER 7 DEBTORS:

| Debtor: | Case Number: |
|---|---|
| Armstrong Flooring, Inc. | 22-10426 (MFW) |
| AFI Licensing LLC | 22-10427 (MFW) |
| Armstrong Flooring Latin America, Inc. | 22-10428 (MFW) |
| Armstrong Flooring Canada Ltd. | 22-10429 (MFW) |

**PLEASE TAKE NOTICE** that on May 8, 2022 (the "Petition Date"), Armstrong Flooring, Inc., AFI Licensing LLC, Armstrong Flooring Latin America, Inc., and Armstrong Flooring Canada Ltd. (collectively, the "Debtors") commenced their respective bankruptcy cases (the "Bankruptcy Cases") by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that pursuant to an Order entered on April 17, 2023 [Docket No. 1352], the Court converted the Bankruptcy Cases to cases under chapter 7 of the Bankruptcy Code, effective as of April 17, 2023 (the "Conversion Date").

**PLEASE TAKE FURTHER NOTICE** that the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed Alfred T. Giuliano as the chapter 7 trustee (the "Trustee") for the Debtors' estates (the "Estates").

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their respective tax identification numbers, are as follows:  Armstrong Flooring, Inc. (3305); AFI Licensing LLC (3265); Armstrong Flooring Latin America, Inc. (2943); and Armstrong Flooring Canada Ltd. (N/A).

**PLEASE TAKE FURTHER NOTICE** that, on September 19, 2023, the Bankruptcy Court entered the *Order: (I) Establishing the Deadline to File Requests for Payment of Certain Administrative Expense Claims Pursuant to 11 U.S.C. § 503(b); (II) Approving the Form and Manner of Notice Thereof; and (III) Granting Related Relief* [Docket No. 1468] (the "Chapter 11 Administrative Bar Date Order").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Chapter 11 Administrative Bar Date Order:

The deadline for all persons or entities (except as otherwise provided in the Chapter 11 Administrative Bar Date Order and excepting Governmental Units) to assert any right to payment constituting an actual, necessary cost or expense of administering the Bankruptcy Cases or preserving the Estates under section 503(b) of the Bankruptcy Code (a "Chapter 11 Administrative Claim")[2] that arose during the period from and including August 1, 2022, through and including April 16, 2023 (the day before the Conversion Date) (the "Chapter 11 Administrative Claim Period") to file requests for payment pursuant to section 503 of the Bankruptcy Code (a "Request for Payment") shall be **November 6, 2023, at 5:00 p.m. (prevailing Eastern Time) (the "Chapter 11 Administrative Claim Bar Date")**.

**You should consult an attorney if you have any questions, including whether to file a Request for Payment. If you have any questions with respect to this notice, you may contact undersigned counsel for the Trustee.**

**I.    WHO MUST FILE A REQUEST**

**You MUST file a Request for Payment in accordance with the procedures approved by the Bankruptcy Court and set forth in this notice in order to assert a Chapter 11 Administrative Claim that arose during the Chapter 11 Administrative Claim Period and that is not a claim described in Section II below.**

**II.   WHO IS NOT REQUIRED TO FILE A REQUEST FOR PAYMENT**

The following persons and entities are <u>not</u> required to file a Request for Payment:

    a.    the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

    b.    Governmental Units holding claims covered by section 503(b)(1)(B), (C), or (D) of the Bankruptcy Code;[3]

---

[2]    For purposes of the Chapter 11 Administrative Claim Bar Date, the defined term "Chapter 11 Administrative Claim" shall include any claims under section 503(b)(9) of the Bankruptcy Code.

[3]    *See* Del. Bankr. L.R. 3002-1(a) ("Notwithstanding any provision of a plan of reorganization, any motion, notice or court order in a specific case, the government shall not be required to file any proof of claim or application for allowance for any claims covered by section 503(b)(1)(B), (C), or (D).").

    c.    the Prepetition Secured Parties and the DIP Secured Parties as defined in the *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503 and 507 (I) Authorizing the Debtors to Obtain Senior Secured Superpriority Postpetition Financing; (II) Granting (A) Liens and Superpriority Administrative Expense Claims and (B) Adequate Protection to Certain Prepetition Lenders; (III) Authorizing Use of Cash Collateral; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* [Docket No. 311] (as amended, the "<u>Final Cash Collateral Order</u>");

    d.    any person or entity that has already timely and properly filed a Request for Payment asserting a Chapter 11 Administrative Claim that arose during the Chapter 11 Administrative Claim Period against one or more of the Debtors' Estates in a form and manner substantially similar to that set forth in the Chapter 11 Administrative Bar Date Order;

    e.    any person or entity whose Chapter 11 Administrative Claim that arose during the Chapter 11 Administrative Claim Period has been allowed by order of the Bankruptcy Court entered on or before the Chapter 11 Administrative Claim Bar Date;

    f.    any person or entity holding an administrative expense claim that accrued or arose on or after the Conversion Date;[4] and

    g.    chapter 11 estate professionals.

**You should not file a Request for Payment if you do not have a Chapter 11 Administrative Claim against any of the Debtors' Estates. Your receipt of this Notice does not mean that you have a Chapter 11 Administrative Claim (or any claim) or that the Trustee or the Bankruptcy Court believes that you have a Chapter 11 Administrative Claim (or any claim).**

### III.   HOW TO FILE AND SERVE A REQUEST FOR PAYMENT

To file a Request for Payment, a party asserting a Chapter 11 Administrative Claim must follow the procedures set forth below:

    a.    Each Request for Payment must: (i) comply with section 503 of the Bankruptcy Code, the Chapter 11 Administrative Bar Date Order, and the Chapter 11 Administrative Claim Bar Date Notice; (ii) be in writing and signed by the party asserting the Chapter 11 Administrative Claim or an authorized agent of such party; (iii) set forth with specificity all factual and legal bases supporting the asserted Chapter 11 Administrative Claim; (iv) include supporting documentation (or, if voluminous, include a

---

[4] To the extent necessary, the Trustee will seek authority from the Bankruptcy Court to establish a chapter 7 administrative claim bar date at a later date.

        summary of supporting documents, an explanation as to why such documentation is not included, and a concise description of the means by which the Trustee can reasonably and expeditiously obtain such supporting documents); (v) be in the English language; and (vi) be denominated in United States currency.

    b.    Each Request for Payment must specify by name the Debtor's(s') Estate(s) against which a Chapter 11 Administrative Claim is asserted.

    c.    Each Request for Payment must be filed with the Bankruptcy Court by the Chapter 11 Administrative Claim Bar Date. Additionally, each Request for Payment should be filed only in the Bankruptcy Case(s) of the particular Debtor's(s') Estate(s) against which a Chapter 11 Administrative Claim is asserted in a Request for Payment.

    d.    Each Request for Payment must also be served upon, so as to be actually received by, undersigned counsel for the Trustee by the Chapter 11 Administrative Claim Bar Date via regular mail, overnight mail, hand delivery, or electronic mail as follows:

**If by First Class Mail, Overnight Mail or Hand Delivery:**
Bradford J. Sandler, Esq.
Peter J. Keane, Esq.
Pachulski Stang Ziehl & Jones LLP
919 N. Market Street, 17th Floor
Wilmington, DE 19801

RE:    In re Armstrong Flooring, Inc., *et al.*, Case No. 22-10426 (MFW)
        Request for Payment/Chapter 11 Administrative Claim

**If by Electronic Mail:**
bsandler@pszjlaw.com
pkeane@pszjlaw.com

## IV.    EFFECT OF FAILURE TO FILE A TIMELY REQUEST FOR PAYMENT

UNLESS OTHERWISE ORDERED BY THE COURT, ANY POTENTIAL HOLDER OF A CHAPTER 11 ADMINISTRATIVE CLAIM AGAINST ANY OF THE DEBTORS' ESTATES WHO RECEIVES THE CHAPTER 11 ADMINISTRATIVE CLAIM BAR DATE NOTICE (WHETHER SUCH NOTICE WAS ACTUALLY OR CONSTRUCTIVELY RECEIVED) AND IS REQUIRED, BUT FAILS, TO FILE A REQUEST FOR PAYMENT, AS APPLICABLE, IN ACCORDANCE WITH THE CHAPTER 11 ADMINISTRATIVE BAR DATE ORDER AND THE CHAPTER 11 ADMINISTRATIVE CLAIM BAR DATE NOTICE: (A) SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS OR THEIR ESTATES; AND (B) SHALL NOT RECEIVE OR BE ENTITLED TO RECEIVE ANY PAYMENT OR DISTRIBUTION OF PROPERTY

FROM THE ESTATES WITH RESPECT TO SUCH CHAPTER 11 ADMINISTRATIVE CLAIM.

V.  **NO REQUEST FOR SCHEDULING OF HEARING ON REQUESTS FOR PAYMENT**

Notwithstanding section 503(b) of the Bankruptcy Code, any Requests for Payment shall be filed without a scheduled hearing date and response deadline or a request by the claimant for a scheduled hearing.  To the extent that a Chapter 11 Administrative Claim is disputed by the Trustee, and such dispute cannot be resolved consensually by the Trustee and the claimant, the Trustee will:  (a) file an objection to the claimant's Request for Payment; (b) schedule a hearing on such objection and the affected Request for Payment; and (c) provide notice to the affected claimant of the Trustee's objection and scheduled hearing.

VI.  **SOLE AND EXCLUSIVE METHOD**

The procedures set forth in this notice are the sole and exclusive method for the assertion of any Chapter 11 Administrative Claim that is required to be filed, and all claimants asserting a Chapter 11 Administrative Claim are prohibited from invoking any other means of asserting such claims pursuant to the Bankruptcy Code.

VII.  **RESERVATION OF RIGHTS**

Nothing contained in this notice or any actions taken by the Trustee pursuant to the relief granted in the Chapter 11 Administrative Bar Date Order is intended or should be construed as: (a) an admission as to the validity, status, amount, or priority of any particular claim asserted against one or more of the Debtors or their Estates; (b) a waiver of the Trustee's rights to dispute any particular claim on any grounds; (c) a promise or obligation to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Chapter 11 Administrative Bar Date Order or this notice; or (e) a waiver or limitation of the Trustee's rights under the Bankruptcy Code or any other applicable law.

Dated:  September 25, 2023    **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email:       bsandler@pszjlaw.com
             pkeane@pszjlaw.com

*Counsel to Alfred T. Giuliano, Chapter 7 Trustee*

5