IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ARMSTRONG FLOORING, INC., *et al.*,[1] | ) | Case No. 22-10426 (MFW) |
| | ) | |
| | ) | |
| Debtors, | ) | |

**Objection Deadline:  Nov. 28, 2023 at 4:00 p.m. (ET)**
**Hearing Date:  Dec. 6, 2023 at 2:00 p.m. (ET)**

**FIRST INTERIM APPLICATION
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
OF PACHULSKI STANG ZIEHL & JONES LLP, AS
COUNSEL TO THE CHAPTER 7 TRUSTEE, FOR
THE PERIOD FROM APRIL 17, 2023 THROUGH SEPTEMBER 30, 2023**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Chapter 7 Trustee |
| Date of Retention: | Effective as of April 17, 2023 by order signed on or about May 23, 2023 |
| Period for which Compensation and Reimbursement is Sought: | April 17, 2023 through September 30, 2023[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $205,745.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $    1,007.57 |

This is a:     ☐monthly     ☒ interim     ☐final application.

The total time expended for preparation of this fee application is anticipated to be

approximately 3.00 hours and the corresponding compensation is anticipated to be approximately

---

[1]  The Debtors in these chapter 7 cases, along with the last four digits of their respective tax identification numbers, are as follows:  Armstrong Flooring, Inc. (3305); AFI Licensing LLC (3265); Armstrong Flooring Latin America, Inc. (2943); and Armstrong Flooring Canada Ltd. (N/A).
[2]  The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

$1,500.00.  The actual fees and expenses incurred in preparation of this fee application will be

reflected in subsequent fee applications.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| | | | | | |

No prior fee applications have been filed.

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Bradford J. Sandler | Partner 2010; Member of NJ & PA Bars since 1996; Member of DE Bar since 2001; Member of NY Bar since 2008 | $1,595.00 | 23.20 | $ 37,004.00 |
| Peter J. Keane | Of Counsel 2018; Member of PA Bar since 2008; Member of DE &NH Bars since 2010 | $1,025.00 | 124.80 | $126,720.00 |
| Edward A. Corma | Associate 2022; Member of NJ Bar since 2018; Member of PA Bar since 2019; Member of DE Bar since 2020 | $ 725.00 | 17.80 | $ 12,905.00 |
| Karina K. Yee | Paralegal | $ 545.00 | 0.30 | $ 163.50 |
| La Asia S. Canty | Paralegal | $ 545.00 | 45.10 | $ 27,939.50 |
| Patricia E. Cuniff | Paralegal | $ 545.00 | 0.30 | $ 163.50 |
| Andrea R. Paul | Case Management Assistant | $ 425.00 | 0.40 | $ 170.00 |
| Charles J. Bouzoukis | Case Management Assistant | $ 425.00 | 1.60 | $ 680.00 |

**Grand Total:**   $205,745.50
**Total Hours:**   213.50
**Blended Rate:**   $963.68

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis/Recovery | 13.40 | $12,901.00 |
| Avoidance Actions | 34.20 | $26,655.00 |
| Asset Disposition | 15.80 | $17,167.00 |
| Bankruptcy Litigation | 63.40 | $60,356.00 |
| Case Administration | 13.70 | $16,646.50 |
| Committee Formation | 0.20 | $    205.00 |
| Corporate Governance | 0.70 | $    381.50 |
| Claims Administration and Objections | 17.70 | $19,588.50 |
| PSZJ Compensation | 1.00 | $ 1,025.00 |
| Other Professional Compensation | 15.40 | $16,997.00 |
| Financing/Cash Collateral/Cash Management | 0.90 | $ 1,207.50 |
| Hearing | 4.50 | $ 2,596.50 |
| Joint Status Report | 0.70 | $ 1,116.50 |
| Meeting of And Communication with Creditors | 1.80 | $ 1,845.00 |
| Operations | 1.40 | $ 2,233.00 |
| PSZJ Retention | 18.40 | $16,166.00 |
| Other Professional Retention | 1.60 | $    872.00 |
| Stay Litigation | 7.50 | $ 6,556.50 |
| Workers Compensation Issues | 1.20 | $ 1,230.00 |

## EXPENSE SUMMARY

| Expense Category | Service Provider[3] (if applicable) | Total Expenses |
|---|---|---|
| Conference Call | AT&T Conference Call | $  18.93 |
| Delivery/Courier Service | Advita | $  67.50 |
| Express Mail | Federal Express | $  13.07 |
| Lexis/Nexis – Legal Research | | $135.58 |
| Pacer - Court Research | | $288.14 |
| Postage | US Mail | $209.15 |
| Reproduction Expense | | $    9.00 |
| Reproduction/ Scan Copy | | $266.20 |

---

[3] PSZ&J may use one or more service providers.  The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ARMSTRONG FLOORING, INC., *et al.*,[1] | ) | Case No. 22-10426 (MFW) |
| | ) | |
| | ) | |
| Debtors, | ) | |

**Objection Deadline: Nov. 28, 2023 at 4:00 p.m. (ET)**
**Hearing Date: Dec. 6, 2023 at 2:00 p.m. (ET)**

**FIRST INTERIM APPLICATION
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
OF PACHULSKI STANG ZIEHL & JONES LLP, AS
COUNSEL TO THE CHAPTER 7 TRUSTEE, FOR
THE PERIOD FROM APRIL 17, 2023 THROUGH SEPTEMBER 30, 2023**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), Counsel for the Chapter 7 Trustee, hereby submits its First Interim Application for Compensation and for Reimbursement of Expenses for the Period from April 17, 2023 through September 30, 2023 (the "Application").

By this Application PSZ&J seeks an interim allowance of compensation in the amount of $205,745.50 and actual and necessary expenses in the amount of $1,007.57 for a total allowance of $206,753.07, and payment of the unpaid amount of such fees and expenses, for the

---

[1]  The Debtors in these chapter 7 cases, along with the last four digits of their respective tax identification numbers, are as follows: Armstrong Flooring, Inc. (3305); AFI Licensing LLC (3265); Armstrong Flooring Latin America, Inc. (2943); and Armstrong Flooring Canada Ltd. (N/A).

period April 17, 2023 through September 30, 2023 (the "Interim Period").  In support of this

Application, PSZ&J respectfully represents as follows:

## Background

1.      On May 8, 2022 (the "Petition Date"), the Debtors filed voluntary

petitions for relief under Chapter 11 of the Bankruptcy Code (the "Cases").  On April 17, 2023,

the Court entered an order converting the Cases to cases under Chapter 7 of the Bankruptcy

Code.  On the same date, Alfred T. Giuliano ("Chapter 7 Trustee") was appointed as the Chapter

7 Trustee in these Cases.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      The retention of PSZ&J, as counsel to the Chapter 7 Trustee, was

approved effective as of April 17, 2023 by this Court's "Order Granting Application of Alfred T.

Giuliano, Chapter 7 Trustee, Pursuant to Bankruptcy Code Sections 327(a) and 328(a) of the

Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1 for Authority to

Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel to the Chapter 7 Trustee,

Effective as of April 17, 2023," signed on or about May 23, 2023 (the "Retention Order").

### PSZ&J's APPLICATION FOR COMPENSATION AND
### FOR REIMBURSEMENT OF EXPENSES

#### Compensation Paid and Its Source

4.      All services for which PSZ&J requests compensation were performed for

or on behalf of the Chapter 7 Trustee.

5.      PSZ&J has received no payment and no promises for payment from any source other than the Chapter 7 Trustee for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these Cases, except among the partners, of counsel, and associates of the Firm.

### Fee Statements

6.      The fee statements for the Interim Period are attached hereto as Exhibit A. These statements contain daily time logs describing the time spent by each attorney and paraprofessional during the Interim Period.  To the best of PSZ&J's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, and the Bankruptcy Rules. PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the described services.  The time reports are organized on a daily basis.  PSZ&J is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular billing code, separate time entries are set forth in the time reports.  PSZ&J's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code.  PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent (50%) of PSZ&J's standard hourly rate.  To the extent it is feasible, PSZ&J professionals attempt to work during travel.

## Actual and Necessary Expenses

7.     A summary of actual and necessary expenses incurred by PSZ&J for the Interim Period is attached hereto as part of Exhibit A.  PSZ&J customarily charges $0.10 per page for photocopying expenses related to cases, such as this one, arising in Delaware.  PSZ&J's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis.

8.     PSZ&J charges $0.25 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes.  The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Trustee for the receipt of faxes in this case.

9.     With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research.  PSZ&J bills its clients the actual amounts charged by such services, with no premium.  Any volume discount received by PSZ&J is passed on to the client.

10.     PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services.  In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## Summary of Services Rendered

11.     The names of the partners and associates of PSZ&J who have rendered professional services in this case during the Interim Period, and the paralegals and case management assistants of PSZ&J who provided services to these attorneys during the Interim Period, are set forth in the attached Exhibit A.

12.     PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Chapter 7 Trustee on a regular basis with respect to various matters in connection with the Debtor's  bankruptcy case, and performed all necessary professional services which are described and narrated in detail below.  PSZ&J's efforts have been extensive due to the size and complexity of the Debtor's bankruptcy case.

## Summary of Services by Project

13.     The services rendered by PSZ&J during the Interim Period can be grouped into the categories set forth below.  PSZ&J attempted to place the services provided in the category that best relates to such services.  However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another

category.  These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A.  Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

### A.    (AA) Asset Analysis and Recovery

14.    This category relates to asset analysis and recovery issues.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed issues and correspondence regarding the Loop Road real estate matter; (2) reviewed and analyzed issues regarding SHI and email recovery; (3) reviewed and analyzed issues relating the Pennsylvania Department of Environmental Protection; (4) reviewed and analyzed insurance issues relating to Liberty Mutual; (5) reviewed and analyzed collateral and lien issues related to accounts; (6) performed work regarding a letter to Liberty Mutual relating to insurance refunds; (7) attended to utility account issues; (8) performed work regarding a letter to SHI relating to email deletion issues; (9) performed work regarding a stipulation and proposed order relating to a Neville Chemical agreement concerning installment payments; (10) reviewed and analyzed issues regarding ZIM and shipping containers; (11) reviewed and analyzed shipping information for carrier claims; (12) reviewed and analyzed South Gate, California environmental escrow issues; (13) reviewed and analyzed issues regarding Liberty Mutual relating to refunds; and (14) corresponded and conferred regarding asset analysis and recovery issues.

Fees:  $12,901.00;    Hours:  13.40

**B.      (AC) Avoidance Actions**

15.      This category relates to avoidance action issues.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed issues regarding open preference recovery matters; (2) performed work regarding a Fourth notice of settlement of avoidance actions; (3) performed work regarding notices of withdrawal and substitution of counsel for all open adversary proceedings; (4) performed work regarding Worldline dismissal issues; (5) performed work regarding a procedures order relating to preference actions; (6) performed work regarding orders relating to Third and Fourth notices of settlement; (7) performed work regarding a notice of dismissal in the Pathward adversary proceeding; (8) reviewed and analyzed issues regarding the Emerald matter; (9) performed work regarding a stipulation in the Rockwell matter; (10) performed work regarding status reports; (11) performed work regarding a Fifth notice of settlements; (12) performed work regarding notices of dismissal; (13) performed work regarding stipulations and orders extending deadlines; (14) reviewed and analyzed default issues; (15) performed work regarding a Sixth notice of settlements; and (16) corresponded and conferred regarding avoidance actions issues.

Fees:  $26,655.00;      Hours:  34.20

**C.      (AD) Asset Disposition**

16.      This category relates to the sale or other disposition of assets.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed Loop Road sale issues; (2) reviewed and analyzed a sale motion and order relating to the Loop Road sale transaction; (3) reviewed and analyzed the North American Asset Purchase Agreement; (4) reviewed and

analyzed issues regarding Liberty Mutual refunds and performed work regarding a related letter; (5) reviewed and analyzed issues regarding ZIM and shipping containers; (6) reviewed and analyzed offers in the Loop Road matter; and (7) corresponded regarding asset disposition issues.

Fees:  $17,167.00;     Hours:  15.80

**D.      (BL) Bankruptcy Litigation**

17.      This category relates to work regarding motions or adversary proceedings in the Bankruptcy Court.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed case background and status issues; (2) reviewed and analyzed issues regarding claims and preferences; (3) reviewed and analyzed secured claim issues; (4) reviewed and analyzed final fee applications of Chapter 11 professionals, and performed work regarding objection issues; (5) performed work regarding Agenda Notices and Hearing Binders; (6) reviewed and analyzed issues regarding a Fourth notice of settlements; (7) reviewed and analyzed shipping claim issues; (8) reviewed and analyzed the Ryan fee application and performed work regarding an objection to that application; (9) performed work regarding a preference procedures order; (10) performed work regarding the recovery of data and emails; (11) reviewed and analyzed carve-out issues relating to Chapter 11 professional fees; (12) reviewed and analyzed transitional issues, including real estate, corporate and records retention issues; (13) reviewed and analyzed abandonment issues; (14) attended to scheduling issues; (15) performed work regarding a final fee order; (16) performed work regarding a stipulation relating to the SHI administrative claim; (17) performed work regarding a Liberty Mutual letter relating to insurance issues; (18) reviewed and analyzed workers compensation issues; (19) reviewed and

analyzed issues regarding Chapter 11 administrative claims; (20) reviewed and analyzed Ryan LLC information; (21) performed work regarding a fee order relating to Ryan; (22) performed work regarding an administrative bar date motion; and (23) conferred and corresponded regarding bankruptcy litigation matters.

Fees:  $60,356.00;      Hours:  63.40

### E.      (CA) Case Administration

18.      This category relates to work regarding administration of this case. During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed case background pleadings and issues; (2) reviewed and analyzed hearing transcripts; (3) maintained service lists; (4) maintained a memorandum of critical dates; (5) performed work regarding a notice of appearance; (6) performed work regarding a notice of Debtor's address change; (7) performed work regarding Notices of Agenda; and (8) corresponded and conferred regarding case administration issues.

Fees:  $16,646.50;      Hours:  13.70

### F.      (CO) Claims Administration and Objections[2]

19.      This category relates to work regarding claims administration and claims objections.  During the Interim Period, the Firm, among other things:  (1) performed work regarding the turnover of documents by the claims agent; (2) reviewed and analyzed issues regarding Mexichem; (3) reviewed and analyzed issues regarding the NFM Welding and Caterpillar claims; (4) reviewed and analyzed environmental issues regarding the Lancaster property; (5) reviewed and analyzed issues regarding the Ariba and J&M claims; (6) reviewed

---

[2] This category includes time from the Committee Formation (CF) and Corporate Governance (CG) categories.

and analyzed shipping claim issues; (7) reviewed and analyzed issues regarding the Ryan claim

and related motion; (8) reviewed and analyzed Canadian Border agency letters; (9) reviewed and

analyzed issues regarding the CMA claim; (10) performed work regarding the Angelucci matter;

(11) performed work regarding an administrative bar date motion and order; (12) reviewed and

analyzed issues regarding a DOL claim; (13) reviewed and analyzed issues regarding the CBP

claim; and (14) corresponded and conferred regarding claim issues.

Fees:  $20,175.00;      Hours:  18.60

### G.    (CPO) Compensation of Professionals--Others[3]

20.    This category relates to work regarding the compensation of professionals.

During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed fee

applications of the Debtor's professionals and reviewed and analyzed issues regarding a final fee

order relating to Chapter 11 professionals; (2) performed work regarding a schedule of final fee

applications; (3) performed work regarding an objection to the Ryan fee application; (4)

performed work regarding an Omnibus fee order relating to final fee applications of chapter 11

professionals; (5) reviewed and analyzed information regarding the Ryan and Skaddan fee

matters; and (6) corresponded regarding compensation issues.

Fees:  $18,022.00;      Hours:  16.40

---

[3] This category includes time from the Compensation of Professionals (CP) category.

**H.**      **(FN) Financing**

21.      This category relates to issues regarding financing, use of cash collateral, and cash management.   During the Interim Period, the Firm, among other things, reviewed and analyzed issues regarding Bank of America, and reviewed and analyzed deposit issues.

Fees:  $1,207.50;      Hours:  0.90

**I.**      **(HE) Hearings**

22.      This category relates to hearing issues.  During the Interim Period, the Firm, among other things:  (1) performed work regarding Agenda Notices; (2) prepared for and attended a status conference on May 24, 2023; (3) performed work regarding a fee index in connection with a final fee hearing; and (4) corresponded regarding hearing issues.

Fees:  $2,596.50;      Hours:  4.50

**J.**      **(JSR) Joint Status Report**

23.      This category relates to joint status report issues.  During the Interim Period, the Firm, among other things, performed work regarding a letter to SHI.

Fees:  $1,116.50;      Hours:  0.70

**K.**      **(MC) Meeting of Creditors**

24.      This category relates to meeting of creditors issues.  During the Interim Period, the Firm, among other things, prepared for and attended a Section 341 meeting of creditors on May 18, 2023.

Fees:  $1,845.00;      Hours:  1.80

**L.      (OP) Operations**

25.      This category relates to operations issues.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed insurance issues; (2) reviewed and analyzed pension issues; (3) reviewed and analyzed claims issues; and (4) corresponded and conferred regarding operations issues.

Fees:  $2,233.00;      Hours:  1.40

**M.      (RP) Retention of Professionals[4]**

26.      This category relates to issues regarding retention of professionals. During the Interim Period, the Firm, among other things:  (1) performed work regarding its retention application and regarding the GMCO retention application; (2) attended to issues regarding the termination of Epiq as claims and noticing agent; (3) performed work regarding the ASK retention; (4) performed work regarding the Bennett Williams and Barley Snyder retention applications; and (5) corresponded regarding retention issues.

Fees:  $16,166.00;      Hours:  18.40

**N.      (SL) Stay Litigation**

27.      This category relates to the automatic stay and relief from stay motions. During the Interim Period, the Firm, among other things:  (1) performed work regarding a letter to SHI relating to stay violation concerning license termination; (2) reviewed and analyzed the

---

[4] This category includes time billed in the PSZ&J Retention (PR) and Retention of Professionals/Other (RPO) categories.

Hill relief from stay motion and performed work regarding a stipulation in that matter; and (3) corresponded and conferred regarding stay litigation issues.

> Fees:  $6,556.50;        Hours:  7.50

**O.      (WCI) Workers Compensation Issues**

28.      This category relates to work regarding workers compensation issues. During the Interim Period, the Firm, among other things, corresponded regarding workers compensation issues, and reviewed and analyzed information regarding the Saucerman matter.

> Fees:  $1,230.00;        Hours:  1.20

**<u>Valuation of Services</u>**

29.      Attorneys and paraprofessionals of PSZ&J expended a total 213.50 hours in connection with their representation of the Chapter 7 Trustee during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Bradford J. Sandler | Partner 2010; Member of NJ & PA Bars since 1996; Member of DE Bar since 2001; Member of NY Bar since 2008 | $1,595.00 | 23.20 | $ 37,004.00 |
| Peter J. Keane | Of Counsel 2018; Member of PA Bar since 2008; Member of DE &NH Bars since 2010 | $1,025.00 | 124.80 | $126,720.00 |
| Edward A. Corma | Associate 2022; Member of NJ Bar since 2018; Member of PA Bar since 2019; Member of DE Bar since 2020 | $ 725.00 | 17.80 | $ 12,905.00 |
| Karina K. Yee | Paralegal | $ 545.00 | 0.30 | $ 163.50 |
| La Asia S. Canty | Paralegal | $ 545.00 | 45.10 | $ 27,939.50 |
| Patricia E. Cuniff | Paralegal | $ 545.00 | 0.30 | $ 163.50 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Andrea R. Paul | Case Management Assistant | $   425.00 | 0.40 | $      170.00 |
| Charles J. Bouzoukis | Case Management Assistant | $   425.00 | 1.60 | $      680.00 |

**Grand Total:** **$205,745.50**
**Total Hours:** **213.50**
**Blended Rate:** **$963.68**

30.     The nature of work performed by these persons is fully set forth in Exhibit A attached hereto.  These are PSZ&J's normal hourly rates for work of this character.  The reasonable value of the services rendered by PSZ&J for the Chapter 7 Trustee during the Interim Period is $205,745.50.

31.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.  Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2 and believes that this Application complies with such Rule.

WHEREFORE, PSZ&J respectfully requests that, for the period April 17, 2023 through September 30, 2023, an interim allowance be made to PSZ&J for compensation in the amount of $205,745.50 and actual and necessary expenses in the amount of $1,007.57 for a total

allowance of $206,753.07; that payment of such allowed amounts be authorized on an interim

basis; and for such other and further relief as this Court may deem just and proper.

Dated: November 14, 2023             PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Peter J. Keane (DE Bar No. 5503)
Edward A. Corma (DE Bar No. 6718)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:     bsandler@pszjlaw.com
          pkeane@pszjlaw.com
          ecorma@pszjlaw.com

*Counsel to Alfred T. Giuliano, Chapter 7 Trustee*

## <u>CERTIFICATION</u>

Peter J. Keane certifies the following:

a)      I am an attorney with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

b)      I am familiar with many of the legal services rendered by Pachulski Stang Ziehl & Jones LLP as counsel to the Chapter 7 Trustee.

c)      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. LR 2016-2, and submit that the Application substantially complies with such rule.

Dated:  November 14, 2023

*/s/ Peter J. Keane*
Peter J. Keane