## <u>Exhibit A</u>

**Proposed Order**

DE:4935-2911-7748.3 31272.001

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| ARMSTRONG FLOORING, INC., et al.,[1] | Case No. 22-10426 (MFW) |
| Debtors. | |
| | **Re: Docket No. ___** |

**ORDER AUTHORIZING THE DESTRUCTION, ABANDONMENT, OR OTHER**
**DISPOSAL OF CERTAIN RECORDS AND DOCUMENTS**
**(MARTINCFS STORAGE AND MS COMMVAULT)**

Upon consideration of the motion (the "Motion")[2] of Alfred T. Giuliano, chapter 7

trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), seeking

entry of an order (this "Order"), pursuant to 11 U.S.C. §§ 105(a) and 554 and Fed. R. Bankr. P.

6007, authorizing, but not directing, the Trustee's abandonment, disposal, and/or destruction of

certain non-essential books, records, information, and other papers of the Debtors (collectively,

the "Documents") held by MartinCFS Storage ("CFS") and stored electronically with MS

Commvault, as further detailed in the Motion; and this Court having jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the*

*United States District Court for the District of Delaware*, dated February 29, 2012; and this

Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this

Court may enter a final order consistent with Article III of the United States Constitution; and

this Court having found that venue of this proceeding and the Motion in this district is proper

pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in

---

[1]    The Debtors in these chapter 7 cases, along with the last four digits of their respective tax identification numbers, are as follows:  Armstrong Flooring, Inc. (3305); AFI Licensing LLC (3265); Armstrong Flooring Latin America, Inc. (2943); and Armstrong Flooring Canada Ltd. (N/A).

[2]    Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.    The Motion is granted as set forth herein.

2.    The Trustee is hereby authorized, but not directed, in his sole and absolute discretion, to abandon and discard or destroy the Documents, pursuant to 11 U.S.C. §§ 105(a) and 554 and Fed. R. Bankr. P. 6007; *provided*, *however*, that the Trustee shall destroy (or cause to be destroyed) any of the Documents that contain personally identifiable information as that term is defined in 11 U.S.C. § 101(41A).

3.    The Trustee is hereby authorized, but not directed, to pay any outstanding costs for the storage and/or destruction of the Documents.

4.    The requirements of Rule 6007(a) of the Federal Rules of Bankruptcy Procedure that the Motion be served upon "all creditors" is hereby waived, and service upon the parties described in the Motion is found to be sufficient for the purposes of the relief requested in the Motion.

5.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6.    The Trustee is authorized to take all actions necessary to implement the relief granted in this Order.

7.      The Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, interpretation, or enforcement of this Order.